**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL C. BORSCHEL**
Fishers, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARRELL L. HIX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1303-CR-331 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
The Honorable Peggy Ryan Hart, Master Commissioner
Cause No. 49G20-1212-FB-80507

**October 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Darrell Hix appeals his conviction for Class B felony possession of a firearm by a serious violent felon. We affirm.

In the early morning hours of November 28, 2012, Officer Roger Taylor of the Indianapolis Metropolitan Police Department was driving a marked police car in the Highland Estates Mobile Home Park when he noticed that two men in a U-Haul pickup truck appeared to be patrolling the park. Taylor turned his car around and saw the truck backing into the driveway of a trailer. Taylor was familiar with the trailer due to a recent investigation and knew that the walls were torn out, the electrical wires were stripped out, and there was no plumbing.

The two men were unloading luggage and bags from the back of the truck as Taylor pulled up. Taylor got out of his car and asked them what they were doing. Both men said they were moving into the trailer. Taylor said he did not think the trailer was in a livable condition and asked if they had signed a contract. The men gave Taylor a name, but he did not recognize it as belonging to anyone from the trailer park.

Taylor asked if either of them had weapons on them. The driver of the truck, later identified as Hix, said he had a pocket knife. The passenger, later identified as James Capps, did not indicate that he had any weapons. Taylor then asked if they would mind if he patted them down. Hix and Capps were cooperative and allowed Taylor to pat them down. Taylor recovered the knife from Hix and placed it on the bed of the truck.

During their conversation, Hix told Taylor that everything in the truck belonged to him and that Capps was just helping him move. He further explained that he borrowed

2

the truck from his friend Justin who borrowed it from a woman who rented it from U-Haul. When Taylor asked to see the rental paperwork, Hix opened the driver's side door to get it from the glove box. As he leaned across the seat to reach the glove box, Taylor saw a handgun on the driver's side floorboard near the pedals.

At that point, Taylor drew his weapon, told the men he saw a handgun, ordered them to step away from the vehicle, and placed them in handcuffs. As he was being cuffed, Hix said that the gun was not his and that he could not have a gun because he was a convicted felon. After other officers arrived, Hix repeated that the gun was not his and added that he did not know anything about it. When Taylor told him the gun would be tested for fingerprints and DNA, Hix changed his story and said that the gun was Justin's and that his fingerprints or DNA would likely be on the gun because he may have touched it at Justin's house.

The State charged Hix with Class B felony possession of a firearm by a serious violent felon.[1] Hix filed a motion to suppress, arguing that he was unlawfully stopped in violation of the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution. The trial court denied the motion after a hearing.

Hix was tried to the bench after waiving his right to a jury trial. Taylor testified on behalf of the State. Hix made no objections to the State's evidence on the grounds articulated in his pretrial motion to suppress. Instead, after the State rested, he asked for a "directed verdict based on my renewal of the suppression issue." Tr. p. 143. The trial

---

[1] Hix was also charged with Class D felony possession of methamphetamine, but the State dismissed that charge before trial.

3

court took the request under advisement. Hix then testified in his own defense, and the State recalled Taylor for rebuttal purposes. After considering the evidence and arguments, the trial court reaffirmed its denial of Hix's suppression motion and found him guilty of Class B felony possession of a firearm by a serious violent felon. It later sentenced him to ten years executed in the Department of Correction.

Hix now appeals, raising two issues for our review, which we restate as: (1) whether the trial court erred in its admission of evidence, and (2) whether the evidence is sufficient to sustain his conviction.

## I. ADMISSION OF EVIDENCE

Hix first contends the trial court erred "by denying [his] motion for involuntary dismissal based on suppression of evidence seized during an illegal detention." Appellant's Br. p. 8. He essentially argues that the trial court should have suppressed all the evidence from his encounter with Taylor because it constituted an illegal search and seizure under the federal and state constitutions. The issue is therefore properly framed as whether the court erred by admitting the challenged evidence at trial.

However, a contemporaneous objection at the time the evidence is introduced at trial is required to preserve the issue for appeal, regardless of whether the defendant filed a pretrial motion to suppress. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). At trial, Taylor testified about his interactions with Hix, his observation of the gun when Hix reached into the truck, and Hix's statements. The State also introduced photographs of the gun on the floorboard of the truck (State's Exhibits 5, 6, and 7), as well as the actual gun and .38 and .40 caliber ammunition recovered from the truck (State's Exhibit 9).

4

Although Hix objected on grounds that State's Exhibits 6 and 7 were cumulative and that the .40 caliber ammunition from State's Exhibit 9 was prejudicial as it was not the proper ammunition for the gun, he failed to make any contemporaneous objections on the grounds of unconstitutional search and seizure. The issue is therefore waived.[2]

## II. SUFFICIENCY OF THE EVIDENCE

Hix next contends the evidence is insufficient to sustain his conviction. In reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the judgment. *Id.* We affirm if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

The Indiana Code provides that "[a] serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony." Ind. Code § 35-47-4-5(c) (2012). Hix does not challenge his status as a serious violent felon. Instead, he challenges only the sufficiency of the evidence on the possession element.

A conviction for possession of contraband may rest upon proof of either actual or constructive possession. *Washington v. State*, 902 N.E.2d 280, 288 (Ind. Ct. App. 2009), *trans. denied*. Constructive possession occurs when a person has the capability and intent to maintain dominion and control over the contraband. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). A trier of fact may infer that the capability element is met when the

---

[2] Hix makes no claim of fundamental error.

evidence shows the defendant had a possessory interest in the premises where the contraband was found, even when that possessory interest was not exclusive. *Id.*

A trier of fact may likewise infer that the intent element is met when the evidence shows the defendant had a possessory interest in the premises where the contraband was found. *Id.* However, if that possessory interest was not exclusive, the State is required to show additional circumstances pointing to the defendant's knowledge of the presence and nature of the item. *Id.* at 174-75.

The evidence shows that Hix and Capps were in the truck where the gun was found. Although Hix was not in exclusive possession of the truck, this evidence is nonetheless sufficient to show that Hix had the capability to maintain dominion and control over the gun.

Because Hix's possessory interest in the truck was not exclusive, the State had to show additional circumstances to prove his intent to maintain dominion and control over the gun. The State easily did so here. This is not a situation where the gun was under the driver's seat or otherwise hidden in the truck. Instead, it was in front of the driver's seat on the floorboard near the pedals. The gun would have been within Hix's plain view and mere inches from his feet while he was driving. *See id.* at 175-76 (evidence sufficient to show intent to maintain dominion and control where defendant had nonexclusive possessory interest in apartment where contraband was found, defendant was in close proximity to contraband while it was in her plain view, and incriminating character of contraband was immediately apparent).

Despite this clear evidence, Hix argues that his own testimony that he told officers he was unaware of the gun was uncontroverted and even corroborated by Taylor's testimony that Hix told him the gun was not his. The evidence showing the intent element, though, also supports an inference that Hix had knowledge of the presence of the gun. Any request for us to believe he was unaware of the gun would require us to impermissibly reweigh the evidence.

Because the evidence shows Hix constructively possessed the gun, we conclude the evidence is sufficient to sustain his conviction.

We therefore affirm.

BARNES, J., and BROWN, J., concur.