**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LATORREA D. WARE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1401-CR-18 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1202-FA-8

**August 21, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Latorrea Ware appeals her convictions for Class A felony dealing in cocaine and Class D felony maintaining a common nuisance. We affirm.

## Issue

Ware raises one issue, which we restate as whether the admission of evidence obtained during the execution of a search warrant was fundamental error because of the manner in which the search warrant was executed.

## Facts

In February 2012, a confidential source participated in two controlled buys of cocaine from Ware. The police used information gathered during the controlled buys to obtain a search warrant for Ware's apartment in Elkhart. On February 24, 2012, Detective Timothy Freel of the Elkhart Police Department led several officers, including some uniformed officers, in the execution of the search warrant. Detective Freel was wearing plain clothes and a black tactical vest when he knocked on the door to Ware's apartment. When someone asked who was at the door, Detective Freel responded that he was from maintenance and was there to change a furnace filter. Ware opened the door and could see Detective Freel wearing his vest and tried to shut the door. Detective Freel put his foot in the doorway, tried to identify himself as a police officer, drew his weapon, and ordered the occupants of the apartment to the ground. The police found cocaine and money used in the controlled buys in the apartment.

The State charged Ware with Class A felony dealing in cocaine, two counts of Class B felony dealing in cocaine, and Class D felony maintaining a common nuisance.[1] A jury found Ware guilty as charged. She now appeals the Class A felony conviction and the Class D felony conviction.

**Analysis**

Ware argues that the trial court erred in admitting evidence obtained during the execution of the search warrant. She contends that the police officers' failure to follow knock and announce procedures violated her Indiana constitutional rights. However, Ware concedes that she did not object to the admission of the evidence at trial and claims that its admission amounts to fundamental error because of the manner in which the search warrant was executed.

"A claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error occurred." Brown v. State, 929 N.E.2d 204, 207 (Ind. 2010). "The fundamental error exception is 'extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process.'" Id. (citation omitted). The error claimed must either make a fair trial impossible or constitute clearly blatant violations of basic and elementary principles of due process, and this exception is available only in egregious circumstances. Id. Simply because an error relates to a

---

[1] The Class B felony convictions related to the controlled buys, and Ware does not challenge those convictions on appeal.

violation of a constitutional right does not, in and of itself, make it fundamental error. Baird v. State, 688 N.E.2d 911, 917 (Ind. 1997).

Ware contends that Detective Freel's initial false identification of himself as a maintenance man and the lack of identifying police uniform when she first opened the door violated basic principles of due process. We do not agree. There was testimony at trial that the purpose of police officers falsely identifying themselves when they execute a search warrant is to "safely get people to the door" and to avoid the destruction of evidence and people fleeing from windows. Tr. p. 194. This is consistent with Detective Freel's testimony that safety was the primary concern when they entered the apartment. He also testified that it is standard operating procedure to have weapons drawn and to order the occupants to the ground because many times drug dealers have weapons and guns. This procedure allows police officers to have total control of the situation and "make everything safe[.]" Id. at 128.

Detective Freel also testified that, when Ware opened the door, she could see he was wearing a black tactical bullet proof vest and he was trying to identify himself as a police officer. He also testified that plain clothes officers wear either a badge or a vest that says police. Further, there was testimony that the search was conducted with uniformed officers near the door to confirm the police presence.

Under these circumstances, we cannot conclude that the manner in which the search warrant was executed was the type of egregious circumstance that warrants the application of the fundamental error doctrine. Ware has not established that her Class A felony and Class D felony convictions should be reversed.

4

## Conclusion

Ware has not established that the admission of evidence obtained during the execution of the search warrant was fundamental error. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.