**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 22 2014, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JIHAND JOHNSON, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 49A02-1401-CR-6 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION COUNTY SUPERIOR COURT
The Honorable Kimberly Brown, Judge
Cause No. 49F07-1302-CM-009018

**August 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Jihand Johnson appeals his conviction in a bench trial of Class A misdemeanor carrying a handgun without a license. He argues that the trial court committed reversible error when it admitted the handgun into evidence because the gun was discovered as the result of search that violated both the United States and Indiana Constitutions. Finding that Johnson has waived this issue, and that the gun was merely cumulative of other evidence, we affirm.

**Facts and Procedural History**

At approximately 2:00 p.m. on February 7, 2013, a robbery victim flagged down Indianapolis Metropolitan Police Department Officer Lee Rabensteine. A witness told the officer that a suspect had just run into a nearby building that housed one or two apartments. Officer Rabensteine and Officer Adam Mengerink noticed Johnson exit the building. Officer Rabensteine stopped and detained Johnson while officers continued to search for other suspects. Officer Rabensteine asked if he could check Johnson's pockets for items stolen during the robbery. Johnson consented to the search, and Officer Rabensteine found a handgun that was unrelated to the robbery in Johnson's pocket.

Officer Rabensteine arrested Johnson for carrying a handgun without a license because Johnson did not have a valid permit. At a bench trial, Officer Rabensteine testified without objection that he found a gun when he searched Johnson's pockets. Officer Mengerink testified without objection that he observed the search and saw Officer Rabensteine pull a handgun out of Johnson's pocket. The trial court convicted Johnson of carrying a handgun without a license.

Johnson now appeals.

**Discussion and Decision**

Johnson contends that the trial court erred in admitting into evidence the handgun found during the search of his pockets. Specifically, he argues that the gun was discovered as the result of an illegal search and seizure, which violated both the United States and Indiana Constitutions. Johnson, however, has waived appellate review of this issue because he failed to make a contemporaneous objection to the admission of the gun into evidence at trial. *See Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (stating that the failure to make a contemporaneous objection to the admission of evidence at trial results in waiver of the error on appeal).

Waiver notwithstanding, even if the trial court erred in admitting the evidence, the improper admission of evidence is harmless error when the erroneously admitted evidence is merely cumulative of the other evidence before the trier of fact. *Purvis v. State*, 829 N.E.2d 572, 585 (Ind. Ct. App. 2005), *trans. denied.* Here, Officer Mengerink testified without objection that he observed the search and saw Officer Rabensteine pull a handgun out of Johnson's pocket. Because the gun was merely cumulative of Officer Mengerink's testimony, any error in admitting the gun into evidence was harmless. *See id.* We therefore affirm Johnson's conviction for carrying a handgun without a license.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.