ATTORNEY FOR APPELLANT
Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**
Jun 29 2010, 1:37 pm

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 11S04-0911-CR-537

KENNETH BROWN,                                         *Appellant (Defendant Below),*

v.

STATE OF INDIANA,                                      *Appellee (Plaintiff Below).*

Appeal from the Clay Circuit Court, No. 11C01-0507-FB-00200
The Honorable Joseph D. Trout, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 11A04-0904-CR-213

**June 29, 2010**

**Boehm, Justice.**

We hold that a claimed error in admitting unlawfully seized evidence at trial is not preserved for appeal unless an objection was lodged at the time the evidence was offered. We also hold that such a claim, without more, does not assert fundamental error.

**Facts and Procedural History**

Linton police received an anonymous report that one Mark Green, the subject of a federal firearms warrant, had acquired methamphetamine from defendant Kenneth Brown. After Green was arrested, three Linton officers and a Clay County sheriff agreed to conduct a "knock and talk" investigation of Brown. The four officers arrived at Brown's home between 2:00 and 3:00 a.m. on the morning of July 8, 2005. When Brown answered the door, the officers asked permission to search the home. Brown granted access to one of the four, who found drugs and paraphernalia in the home. Brown was convicted of possession with intent to deliver methamphetamine, a Class B felony; possession of a controlled substance, a Class C felony; possession of paraphernalia, a Class A misdemeanor; and possession of marijuana, a Class A misdemeanor. This appeal challenges the admission of the items from his home into evidence at his jury trial.[1] As explained below, we conclude that this issue was not preserved for appeal.

Brown filed a pretrial motion to suppress the evidence collected at his home, claiming that the officers' search violated the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Indiana Constitution. That motion was denied, and the case was tried to a jury. Brown did not seek a continuing objection to the admission of the seized items, and when each of the items of evidence was presented to the jury, his attorney stated, "No objection." After these exhibits were admitted, and the jury was released for lunch, Brown's attorney referred to his pretrial motion to suppress and stated:

> [I]t's my understanding the court was going to overrule objections that we would make concerning the admissibility of evidence. . . . Just to make sure that the record is clear and to preserve the record for Mr. Brown's benefit, we would restate those objections that we previously wrote in our motion to suppress that we previously litigated for the court.

The judge responded, "I make no representation myself about how you've done this. But it will be noted in the record."

---

[1] We note at the outset that Brown's Notice of Appeal challenged the trial court's denial of his motion to suppress the evidence obtained from his home. Because Brown appeals from a completed trial, however, the issue is "more appropriately framed" as whether the evidence was admissible at trial. Washington v. State, 784 N.E.2d 584, 587 (Ind. Ct. App. 2003).

The Court of Appeals held that Brown had not preserved his challenge to the admission of the evidence, but concluded that the issue was reviewable as fundamental error. Ultimately the Court of Appeals majority found the search of Brown's residence did not violate the Fourth Amendment or the Indiana Constitution. Brown v. State, 913 N.E.2d 1253 (Ind. Ct. App. 2009). Judge Mathias dissented, finding a state constitutional violation. Id. at 1265 (Mathias, J., dissenting). We granted transfer.

## Availability of the Issue on Appeal

The State argues that Brown waived any objection to the admission of the evidence found in the search by failing to object to its admission at trial. Brown responds that his belated statement outside the presence of the jury combined with his pretrial motion to suppress preserved the issue, and also contends that the admission of the evidence was fundamental error and therefore could be challenged on appeal despite his failure to object at trial.

We agree with the Court of Appeals that Brown failed to preserve his challenge to the admissibility of the evidence. Brown, 913 N.E.2d at 1258. A contemporaneous objection at the time the evidence is introduced at trial is required to preserve the issue for appeal, whether or not the appellant has filed a pretrial motion to suppress. Jackson v. State, 735 N.E.2d 1146, 1152 (Ind. 2000) ("The failure to make a contemporaneous objection to the admission of evidence at trial results in waiver of the error on appeal."); Wagner v. State, 474 N.E.2d 476, 484 (Ind. 1985) ("When a motion to suppress has been overruled and the evidence sought to be suppressed is later offered at trial, no error will be preserved unless there is an objection at that time."). The purpose of this rule is to allow the trial judge to consider the issue in light of any fresh developments and also to correct any errors. Jackson, 735 N.E.2d at 1152. Here, Brown did not object when the evidence was introduced and affirmatively stated that he had no objection to its admission. His attempt to lodge a continuing objection was made only after the jury was presented with all of this evidence. The only practical means of granting relief at that point would be to declare a mistrial given that the jury was already exposed to virtually conclusive evidence of guilt on at least the possession counts. We therefore do not find persuasive Brown's contention that a party may resurrect an objection after the evidence has been admitted, at least without the trial court's recognizing a continuing objection which did not occur here.

3

A claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error occurred. See, e.g., Trice v. State, 766 N.E.2d 1180, 1182 (Ind. 2002); Hayworth v. State, 904 N.E.2d 684, 694 (Ind. Ct. App. 2009). The fundamental error exception is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." Mathews v. State, 849 N.E.2d 578, 587 (Ind. 2006). The error claimed must either "make a fair trial impossible" or constitute "clearly blatant violations of basic and elementary principles of due process." Clark v. State, 915 N.E.2d 126, 131 (Ind. 2009). This exception is available only in "egregious circumstances." Brown v. State, 799 N.E.2d 1064, 1068 (Ind. 2003).

This doctrine has been applied, for example, to review a conviction without proof of an element of the crime despite the lack of objection. Smith v. State, 459 N.E.2d 355, 357 (Ind. 1984). But an error in ruling on a motion to exclude improperly seized evidence is not per se fundamental error. Indeed, because improperly seized evidence is frequently highly relevant, its admission ordinarily does not cause us to question guilt. That is the case here. The only basis for questioning Brown's conviction lies not in doubt as to whether Brown committed these crimes, but rather in a challenge to the integrity of the judicial process. We do not consider that admission of unlawfully seized evidence ipso facto requires reversal. Here, there is no claim of fabrication of evidence or willful malfeasance on the part of the investigating officers and no contention that the evidence is not what it appears to be. In short, the claimed error does not rise to the level of fundamental error.

Two of the three judges in the Court of Appeals concluded that the search of Brown's home was lawful and there was no error, fundamental or otherwise, in admitting the evidence. Brown, 913 N.E.2d at 1262–63. Judge Mathias found the search unreasonable based on the lack of reliable information that Brown had committed any crime (an anonymous uncorroborated report), show of force (four officers), the hour of the day (2:35 a.m.), and the manner of announcing themselves (apparently very loud knocking). Id. at 1263–64. We do not need to resolve that issue because it was not preserved and there was no fundamental error here.

The Court of Appeals cited <u>Hayworth</u>, 904 N.E.2d at 694, in determining that even though Brown waived his challenge to the admissibility of the evidence the issue could be reviewed for fundamental error. In <u>Hayworth</u>, the court found that the defendant had waived her challenge to the admissibility of evidence because her attorney affirmatively stated "no objection" when the challenged evidence was admitted. As in the instant case, Hayworth had lost a pretrial motion to suppress. <u>Id.</u> at 691. However, unlike Brown, Hayworth also attempted to lodge a continuing objection before the evidence was presented. <u>Id.</u> Moreover, the detective in <u>Hayworth</u> included misleading statements in the application for a search warrant. It was on that ground that the <u>Hayworth</u> court found a fair trial impossible. <u>Id.</u> at 699. Brown makes no similar contention that he did not receive a fair trial, other than his assertion that the evidence was the product of an unconstitutional search and seizure.

**Conclusion**

The convictions and sentence are affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.