Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 13 2012, 8:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SCOTT J. LUNSFORD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  34A02-1206-CR-501 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Judge
Cause No. 34D01-0811-FD-859

**December 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Scott J. Lunsford pled guilty to class D felony possession of a controlled substance and was sentenced to a year on home detention and two years on probation. Lunsford violated the conditions of his home detention, and the trial court revoked that portion of his sentence. After Lunsford was released to begin probation, Lunsford stopped reporting to probation, and the trial court revoked the remainder of his sentence.

On appeal, Lunsford argues that a deputy prosecutor, who had been listed as a potential witness, should not have appeared on behalf of the State at his initial hearing and his final sentencing in this case. Lunsford did not object to the deputy prosecutor's participation in these hearings, and given the deputy prosecutor's minimal involvement in these hearings, Lunsford has not persuaded us that the error is fundamental.

Lunsford also challenges the trial court's calculation of his credit time and argues that his total sentence exceeds three years. While Lunsford has failed to show that he is entitled to additional credit time, we do agree that the trial court miscalculated the time remaining on his sentence at the time that his probation was revoked. Therefore, we reverse and remand with instructions to resentence Lunsford to 673 days.

**Facts and Procedural History**

On November 24, 2008, Lunsford was charged with possession of a controlled substance as a class D felony. The State's case was primarily handled by deputy prosecutor Justin M. Alter. Another deputy prosecutor, Ronald C. Byal, was listed as a witness on the charging information and a document titled "State's Response to Court's Discovery Order"

2

that was filed on February 6, 2009. Appellant's App. at 10. However, Byal represented the State at Lunsford's initial hearing.

Lunsford, who was first arrested on November 21, 2008, bonded out of jail on November 24, 2008. On May 20, 2009, Lunsford filed a "Recommendation of Plea Agreement." Appellant's App. at 3. The court scheduled a sentencing hearing for July 1, 2009, and ordered a presentence investigation report ("PSI"). According to the chronological case summary ("CCS"), on July 1, Lunsford appeared "in custody on another matter." *Id*. The court found that Lunsford had failed to report to the probation department for the PSI. The court revoked Lunsford's bond and rescheduled the sentencing hearing for July 29, 2009.

On July 29, 2009, the court accepted the plea agreement and sentenced Lunsford to three years, consisting of one year on home detention and two years suspended to probation. The court found that Lunsford had credit for thirty-one actual days plus thirty-one days of class I credit.[1] Lunsford was ordered to "sign up for In-Home Detention within 24 hours of his release from custody" and was "remanded to [the] custody of the Sheriff for release on this cause." *Id*. at 4.

On September 15, 2009, the State filed a notice of "Non-Compliance with Howard County Community Corrections Home Detention Division." *Id*. at 5. The notice alleges that Lunsford violated rule 7 of the home detention agreement, but the record before us does not

---

[1] "A person who is not a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I." Ind. Code § 35-50-6-4(a). "A person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3(a). Class I credit is sometimes unofficially referred to as "good time credit." *See Arthur v. State*, 950 N.E.2d 343, 344 n.1 (Ind. Ct. App. 2011), *trans. denied*.

reflect what the provisions of rule 7 are. In its appendix, the State has supplied a document titled "Notice of Violation." Appellee's App. at 1. This document, purportedly signed by Brandi Jeffries of Howard County Community Corrections, alleges that Lunsford's home detention was supposed to start on September 3, 2009. Jeffries states that she went to Lunsford's home on that date to install his monitoring equipment. A man, who identified himself as Lunsford's mother's boyfriend, allegedly told her that Lunsford was not home and that he had said that he "wasn't going to do In Home" and would rather be in jail. *Id*. A handwritten notation says, "Never completed 1 day." *Id*. This document is not file-stamped and is not referenced in the CCS, and there is no indication that it was ever part of the record in this case. The trial court issued a warrant for Lunsford's arrest on September 20, 2009, and he was re-arrested on March 7, 2010. Other than the "Notice of Violation" in the Appellee's Appendix, none of the materials provided to us indicate whether Lunsford served any time on home detention between his sentencing and his subsequent arrest.

On May 20, 2010, Lunsford admitted the allegations of the notice of non-compliance. The court ordered "three hundred fifty-nine (359) days of the Defendant's previously Ordered Sentence on In-Home to be executed in the Howard County Jail, with credit to be given for time served." Appellant's App. at 15. The court found that Lunsford had credit for seventy-four actual days plus seventy-four days of class I credit. This corresponds to the time between Lunsford's arrest on March 7, 2010, and the hearing on May 20, 2010.

The record before us does not reflect when Lunsford was released from jail and began probation. On November 3, 2011, the State filed a petition to revoke suspended sentence,

apparently because he had stopped reporting for probation,[2] and the trial court issued a warrant for Lunsford's arrest. Lunsford was arrested on February 1, 2012. At a hearing on April 19, 2012, Lunsford admitted to violating the conditions of his probation. The factual basis was as follows:

> JUDGE MENGES: Do you agree that as a condition of your probation you were to report to the Adult Probation Department biweekly?
>
> THE DEFENDANT: Yes, sir.
>
> JUDGE MENGES: Do you agree that you quit reporting to the probation department on February 15th, 2011?
>
> THE DEFENDANT: Yes, sir.

Tr. at 10.

> After the court accepted the plea, defense counsel made the following request:
>
> Judge, I know you typically … order a presentence investigation or some sort of evaluation and set it for sentencing. We would request that he be released while that matter is pending. He has approximately 530, not actual days but 215 actual days left on his sentence. He's served a total of 565 days with good time credit of the three years.… I realize that there was a long period of time where it appears he didn't report to probation but at the sentencing there may be some extenuating circumstances that would be presented.

*Id*. at 11. The trial court denied the request for release and scheduled a hearing on the penalty phase for May 17, 2012.

During the May 17 hearing, the State was again represented by Byal. Byal did not present any evidence, and his only statement during the hearing was, "I would agree with the probation department's recommendation." *Id*. at 16-17. Lunsford made a statement to the

---

[2] This petition also is not included in the record before us.

court, and defense counsel made an argument on his behalf. The court revoked Lunsford's suspended sentence and ordered him to serve 720 days in the Department of Correction. The court found that Lunsford had credit for 106 actual days plus 106 days of class I credit. Lunsford now appeals.

## Discussion and Decision

### *I. Recusal of Deputy Prosecutor*

Lunsford argues that deputy prosecutor Byal was required to recuse himself because he had been identified as a potential witness. *See* Ind. Professional Conduct Rule 3.7 (generally providing that a lawyer "shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness" unless certain exceptions apply). The State argues that Lunsford waived the issue by failing to object when Byal stood in for Alter at the initial hearing and the May 17, 2012 penalty hearing. Further, the State argues that Lunsford has not established fundamental error. We note that

> [a] claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error occurred. The fundamental error exception is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." The error claimed must either "make a fair trial impossible" or constitute "clearly blatant violations of basic and elementary principles of due process." This exception is available only in "egregious circumstances."

*Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (citations omitted).

The initial hearing was not transcribed for appeal. The CCS entry for the initial hearing states: "The Defendant intends to hire private counsel. Court enters a preliminary

6

plea of not guilty and request for jury trial on behalf of Defendant. Standard Discovery Order entered." Appellant's App. at 2. The court scheduled a status hearing, a pretrial conference, and a jury trial, and also set the omnibus date and a plea cutoff date. It appears that this hearing was largely administrative and that Byal's participation was minimal. At the hearing on May 17, 2012, Byal's only involvement was to indicate the State's agreement with the recommendation of the probation department. He provided no evidence or argument beyond what had already been made available to the court. We agree with the State that Lunsford has waived his argument and that Byal's minimal participation does not amount to fundamental error.

## II. Credit Time

Lunsford's second argument is that the court miscalculated his credit time and that if he serves 720 in the Department of Correction as ordered by the trial court, his total time served will exceed three years, the maximum sentence for a class D felony. *See* Ind. Code § 35-50-2-7(a) (sentence range for class D felony is six months to three years). Lunsford first argues that the May 20, 2010 sentence of 359 days was erroneous because he did not have that much time left on the home detention portion of his sentence. The trial court gave him credit for 148 days, which corresponds to the time between his arrest and the hearing on May 20, 2010; the order does not mention the sixty-two days of credit that Lunsford earned while awaiting his initial sentencing or any time spent on home detention. The State argues that Lunsford did not serve any time on home detention, relying on the document that it submitted in its appendix. While we decline to rely on that document, which does not appear to be part

7

of the record, we note that the record is otherwise silent as to whether Lunsford spent any time on home detention. Moreover, Lunsford did not appeal the May 20, 2010 sentencing order. Because Lunsford does not cite any authority indicating that he can challenge the May 20, 2010 order on appeal from a subsequent sentencing order and because he does not cite any factual support for his claim that he served time on home detention, we conclude that Lunsford's argument is waived. *See* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on ...."); *Davis v. State*, 835 N.E.2d 1102, 1113 (Ind. Ct. App. 2005) ("A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied* (2006).

We turn then to Lunsford's argument that the May 17, 2012 sentencing order did not give him sufficient credit. Lunsford asks us to infer that he earned 211 days of credit for time served in jail after the May 20, 2010 order revoking his home detention.[3] However, the record before us does not indicate when he was released. At the hearing on April 19, 2012, defense counsel made the following argument about credit time:

> Judge, I know you typically … order a presentence investigation or some sort of evaluation and set it for sentencing. We would request that he be released while that matter is pending. He has approximately 530, not actual days but 215 actual days left on his sentence. He's served a total of 565 days with good time credit of the three years.

---

[3] Lunsford was sentenced to 359 days and given credit for 148, and 359 minus 148 equals 211.

Tr. at 11. The basis for this argument is difficult to discern, as these numbers do not add up to three years (1095 days). On May 17, 2012, at the hearing on the penalty for Lunsford's probation violation, defense counsel said, "I have down that he has 107 actual days in since he was picked up on this warrant." *Id*. at 16. Defense counsel did not mention any additional time. The trial court gave Lunsford credit for 106 actual days and 106 days of class I credit. In light of Lunsford's argument at the May 17, 2012 hearing and the lack of evidence regarding how much time Lunsford may have served after the revocation of his home detention, we conclude that Lunsford has also waived this argument that he is entitled to additional credit time. *See* Ind. Appellate Rule 46(A)(8)(a); *Davis*, 835 N.E.2d at 1113.

The record before us reflects that, as of May 17, 2012, Lunsford had credit for 422 days.[4] Lunsford's total sentence consists of 1095 days. Thus, Lunsford had 673 days remaining as of May 17, 2012. Therefore, while we reject Lunsford's arguments that he is entitled to additional credit time, we do agree that the trial court miscalculated the remaining portion of his sentence. We reverse and remand with instructions to resentence Lunsford to 673 days.

Reversed and remanded.

KIRSCH, J., and MATHIAS, J., concur.

---

[4] $62 + 148 + 212 = 422$