## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antwane L. Broomfield,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 15, 2016<br><br>Court of Appeals Case No.<br>82A04-1508-CR-1190<br><br>Appeal from the Vanderburgh Circuit Court<br><br>The Honorable Leslie C. Shively, Judge<br><br>Trial Court Cause No.<br>82D02-1403-FC-321 |

**Najam, Judge.**

# Statement of the Case

Antwane L. Broomfield appeals his convictions for carrying a handgun without a license, as a Class C felony; operating a vehicle while privileges were suspended, as a Class C felony; possession of cocaine, as a Class D felony; possession of a synthetic drug, as a Class A misdemeanor; and being a habitual offender. Broomfield raises a single issue for our review, which we restate as follows: whether he failed to preserve his challenge on appeal to the admission of certain evidence at trial with a proper, contemporaneous objection to the admission of that evidence.

We affirm.

# Facts and Procedural History

On March 10-11, 2014, Evansville Police Department Officers Bryan Underwood and Jonathan Oakley stopped Broomfield and two friends while investigating a recent home invasion. While Broomfield and the men were stopped, another officer observed a handgun and cocaine in a vehicle the officers had seen Broomfield driving. The officers then searched the vehicle and also discovered a synthetic cannabinoid. The officers arrested Broomfield.

The State charged Broomfield with numerous offenses. Thereafter, Broomfield moved to suppress the State's evidence against him on the theory that the State had unlawfully detained him. The court held a pretrial, fact-finding hearing on Broomfield's motion, after which it denied the motion. At his ensuing jury

trial, Broomfield did not object to the admission of the State's evidence against him.

[5] The jury found Broomfield guilty as charged, and Broomfield subsequently admitted to being a habitual offender. The court entered its judgment of conviction and sentenced Broomfield accordingly. This appeal ensued.

## Discussion and Decision

[6] On appeal, Broomfield purports to challenge whether the trial court erred when it denied his motion to suppress. But Broomfield did not seek interlocutory review of that decision. As such, "'the question of whether the trial court erred in denying a motion to suppress is no longer viable.'" *Clark v. State*, 994 N.E.2d 252, 259 (Ind. 2013) (quoting *Cochran v. State*, 843 N.E.2d 980, 982 (Ind. Ct. App. 2006), *trans. denied*). A ruling on a pretrial motion to suppress is not intended to serve as the final expression concerning admissibility. *Id.*

[7] Thus, as Indiana's appellate courts have repeatedly recognized, "we consider [t]his appeal as what it is: a request to review the court's decision to admit the evidence at trial." *Carpenter v. State*, 18 N.E.2d 998, 1001 (Ind. 2014). The general admission of evidence at trial is a matter we leave to the discretion of the trial court. *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012). We review these determinations for abuse of that discretion and reverse only when admission is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights. *Id.*

It is axiomatic that, to preserve appellate review to a challenge of the admissibility of evidence at trial, the challenging party must make a contemporaneous objection when the evidence is introduced at trial. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). This standard applies "whether or not the appellant has filed a pretrial motion to suppress." *Id.* "The purpose of this rule is to allow the trial judge to consider the issue in light of any fresh developments and also to correct any errors." *Id.*

Here, Broomfield did not object during trial to the admission of any of the State's evidence against him. Accordingly, he has not preserved his arguments for appellate review. Moreover, the State relies on Broomfield's lack of a trial objection in its brief on appeal, and Broomfield does not assert in a Reply Brief that this court should nonetheless review the merits of his argument under the fundamental-error doctrine or for another reason. *See, e.g.*, *id.* (holding that "an error in ruling on a motion to exclude improperly seized evidence is not per se fundamental error" and that "[w]e do not consider that admission of unlawfully seized evidence *ipso facto* requires reversal"). Absent a timely objection, the trial court was not required to raise *sua sponte* the admissibility of the evidence now disputed for the first time on appeal. *See, e.g.*, *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014). Accordingly, Broomfield has not preserved his only argument on appeal for our review, and we affirm his convictions.

Affirmed.

Riley, J., and May, J., concur.