## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 21 2016, 8:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kulon N. Lewis, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 21, 2016

Court of Appeals Case No.
02A03-1508-CR-1140

Appeal from the Allen Superior
Court.
The Honorable Frances C. Gull,
Judge.
Cause No. 02D06-1409-F1-1

**Friedlander, Senior Judge**

[1] Kulon Lewis, Jr. appeals his conviction of attempted murder, a Level 1 felony[1], and the sentencing enhancement for using a firearm in the commission of an offense.[2] We affirm.

[2] Lewis raises two issues for our review, which we restate as:

1. Whether the trial court's admission of 404(b) testimony at trial amounted to fundamental error.
2. Whether the trial court erred by denying Lewis' motion for mistrial.

[3] On September 4, 2014, Dytrell Allen was loading items into a car outside his girlfriend's grandmother's house in Fort Wayne when he was shot multiple times. As a result of this incident, Allen is now confined to a wheelchair. Lewis and Trayshaun Pernell were charged with firing the shots that injured Allen. Prior to trial, the State filed a Notice of Intent to Use 404(b) Evidence, upon which the trial court held a hearing. At the hearing, the State indicated its desire to present testimony at trial regarding three prior incidents involving Lewis and Allen. The State alleged several purposes for the testimony other than to show Lewis' propensity to commit the acts charged in this case, and Lewis' counsel objected to the admission of the testimony. The trial court ruled that the testimony would be allowed at trial, and the State and Lewis' counsel

---

[1] Ind. Code §§ 35-41-5-1 (2014), 35-42-1-1 (2014).

[2] Ind. Code § 35-50-2-11 (2014).

agreed that Lewis' counsel could present evidence of the disposition of any legal action taken as a result of the three incidents.

[4] Following trial and during deliberations, the jurors were found to be consulting a map of Fort Wayne streets that one of the jurors had brought with her. At the direction of the trial judge, the bailiff removed the map from the jury room. Counsel and the trial judge reviewed the map, noting that five areas had been circled. Lewis moved for a mistrial. The court questioned and admonished the jury and then denied Lewis' motion for mistrial. This appeal ensued.

## 1. Admission of 404(b) Evidence

[5] Lewis first contends that the trial court erred in the admission of the testimony regarding the three prior incidents involving him and Allen. Although Lewis objected to admission of the testimony at the pre-trial hearing, he failed to lodge an objection when the testimony was presented at trial. Thus, Lewis' claim of error is waived.[3] *See Brown v. State*, 929 N.E.2d 204 (Ind. 2010) (to preserve challenge to admissibility of evidence for appeal, defendant must make

---

[3] We further note that although Lewis objected to the testimony at the 404(b) hearing, he never argued that the testimony did not fulfill the 404(b) purposes as proffered by the State. Rather, he objected to admission of the testimony on grounds of lack of indicia of reliability and prejudicial effect. *See* Tr. 404(b) Hrg. pp. 11-13. Thus, his objection was not based on Evidence Rule 404 but was instead based on foundational aspects and Evidence Rule 403, which allows the court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *See Halliburton v. State*, 1 N.E.3d 670 (Ind. 2013) (determining that defendant waived error by objecting on one ground at trial and arguing different ground on appeal where he argued on appeal improper admission of evidence based upon Rule 404(b) and had objected at trial based on Rule 403 with no claim that evidence did not fit Rule 404(b) exceptions or that evidence was bad character evidence prohibited by Rule 404(b)).

contemporaneous objection when evidence is introduced at trial). To avoid waiver, Lewis claims that admission of the testimony constitutes fundamental error. The fundamental error doctrine is extremely narrow and applies only when the error amounts to a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Lehman v. State*, 926 N.E.2d 35 (Ind. Ct. App. 2010), *trans. denied*. This doctrine is available only in egregious circumstances. *Brown*, 929 N.E.2d 204.

[6]     Lewis argues that admission of the testimony was fundamental error because it amounts to improper character evidence prohibited by Indiana Evidence Rule 404(b). The Rule provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Evid. R. 404(b)(1). This rule is designed to prevent the jury from assessing a defendant's present guilt on the basis of his past propensities — the "forbidden inference." *Remy v. State*, 17 N.E.3d 396, 399 (Ind. Ct. App. 2014), *trans. denied*. Such evidence, however, may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Evid. R. 404(b)(2). This list of permissible purposes is illustrative but not exhaustive. *Freed v. State*, 954 N.E.2d 526 (Ind. Ct. App. 2011).

[7] In assessing the admissibility of 404(b) evidence, the court must: (1) determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Evidence Rule 403. *Bishop v. State*, 40 N.E.3d 935 (Ind. Ct. App. 2015), *trans. denied*. Rule 403 provides, in part, that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

[8] The testimony at issue set forth the following events:

(1) On July 13, 2013, Allen and Lewis were both at Cancun, a nightclub in Fort Wayne. They were involved in a verbal encounter inside the nightclub where Lewis threatened Allen. Both men were thrown out of the club, and a physical encounter occurred between the two. Then as Allen walked to his car, Lewis fired shots at him from a vehicle. Police officers pursued the vehicle and an individual who exited the car. The individual was apprehended and identified as Lewis. Officers recovered a handgun from Lewis' seat in the vehicle, and shell casings found in the area were matched to this gun.

(2) Some time between July 13, 2013 and July 26, 2014, Allen encountered Lewis at a gas station in Fort Wayne. When Allen exited the gas station mart, Lewis was standing by a car waving a gun at him. Allen did not report the incident to the police.

(3) On July 26, 2014, Allen was walking near Eden Green apartments in Fort Wayne. He heard his name yelled and turned to see Lewis hanging out of a car window shooting at him. Allen was hit in his side by a bullet, and he called his father to take him to the hospital. Allen identified Lewis as the shooter to police.

At the hearing on the State's Notice of Intent to Use 404(b) Evidence, the State argued and the trial court found that the evidence was relevant to motive, intent, identity, defendant's state of mind, and the relationship of the parties. Tr. 404(b) Hrg. pp. 9, 16. The court further determined that although the evidence was prejudicial, the probative value of the evidence was not substantially outweighed by the prejudicial impact. *Id.* at 16.

[9] The State may offer evidence of motive to prove that the act was committed, to prove the identity of the actor, or to prove the requisite mental state. *Embry v. State*, 923 N.E.2d 1 (Ind. Ct. App. 2010), *trans. denied*. This Court has held that when evidence of motive is offered for these purposes and there exists a relationship between the parties that is characterized by frequent conflict, evidence of the defendant's prior assaults and confrontations with the victim may be admitted to show the relationship between the parties as well as motive for committing the crime. *Id.* Our Supreme Court has made clear that "hostility is a paradigmatic motive for committing a crime." *Hicks v. State*, 690 N.E.2d 215, 222 (Ind. 1997). Here, the testimony regarding the three prior incidents demonstrates Lewis' pattern of hostility and violence toward Allen and his motive for the present offenses. Accordingly, the testimony regarding

the prior incidents was admissible under the motive, defendant's mental state, and relationship of the parties exceptions to 404(b).[4]

[10] Additionally, Lewis acquiesced in part to the admission of the testimony of the prior incidents by making an agreement with the State that if the testimony was admitted, he could then present evidence of the circumstances and disposition of the prior incidents. Lewis did indeed elicit evidence at trial that he was never charged with the shooting in the July 13, 2013 incident, and he used the police reports from that night to vigorously cross-examine Allen and point out discrepancies in his version of the events. Lewis also presented evidence that Allen did not report the gas station incident to police and that Allen did not initially report the July 26, 2014 incident to police. Lewis elicited evidence that Allen had been taken to the hospital by his father where, when questioned, he told a police officer he did not know who shot him. Later, he told a different officer that it was Lewis who shot him. In closing, defense counsel argued that Allen had repeatedly lied — about Lewis' involvement in the prior incidents, as well as the present shooting — and asked that the jury hold him accountable for his lies. In light of these circumstances, we conclude that Lewis has not met his burden of showing that admission of the testimony made it impossible for him to receive a fair trial. Accordingly, we find no fundamental error.

---

[4] In his brief, Lewis argues that all five grounds proposed by the State and set forth by the trial court in its pretrial ruling are invalid. Because we conclude that the evidence is relevant on at least some of these grounds, we need not address the remaining grounds.

# 2. Motion for Mistrial

Lewis argues that the trial court erred by denying his motion for mistrial. A mistrial is an extreme remedy warranted only when no other curative measure will rectify the situation. *Donnegan v. State*, 809 N.E.2d 966 (Ind. Ct. App. 2004), *trans. denied*. The denial of a mistrial is a determination within the trial court's discretion, and we will reverse its decision only for an abuse of that discretion. *Id*. To prevail on appeal from the denial of a motion for mistrial, the defendant must establish that the questioned conduct was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Williams v. State*, 755 N.E.2d 1128 (Ind. Ct. App. 2001), *trans. denied*. The gravity of the peril is determined by considering the misconduct's probable persuasive effect on the jury's decision. *Id*. The trial judge is in the best position to gauge the circumstances and the probable impact on the jury. *Donnegan*, 809 N.E.2d 966.

Specifically, Lewis claims that the trial court erred by failing to grant a mistrial after jurors impermissibly viewed and discussed the Fort Wayne street map. Our Supreme Court recently clarified the procedure to be followed in instances of juror misconduct:

> Trial courts must immediately investigate suspected jury taint by thoroughly interviewing jurors collectively and individually, if necessary. If any of the jurors have been exposed, he must be individually interrogated by the court outside the presence of the other jurors, to determine the degree of exposure and the likely effect thereof. After each juror is so interrogated, he should be individually admonished. After all exposed jurors have been

interrogated and admonished, the jury should be assembled and collectively admonished, as in the case of a finding of "no exposure." If the imperiled party deems such action insufficient to remove the peril, he should move for a mistrial.

*Ramirez v. State*, 7 N.E.3d 933, 940 (Ind. 2014).

[13] The Court additionally held that a defendant seeking a mistrial for suspected jury taint is entitled to a presumption of prejudice only after making two showings by a preponderance of the evidence: (1) extra-judicial contact or communications between jurors and unauthorized persons occurred and (2) the contact or communications pertained to the matter before the jury. *Id.* at 939. The burden then shifts to the State to rebut this presumption of prejudice by showing that any contact or communications were harmless. *Id.* If the State does not rebut the presumption, the trial court must grant a new trial. *Id.* Conversely, if the defendant fails to make the initial two-part showing, the presumption does not apply. *Id.* In that case, the trial court grants a new trial only if the misconduct is "gross and probably harmed" the defendant. *Id.* In egregious cases where juror conduct fundamentally compromises the appearance of juror neutrality, trial courts should skip the initial two-part inquiry, find irrebuttable prejudice, and immediately declare a mistrial. *Id.*

[14] Here, the parties do not dispute that the initial two-part inquiry set forth in *Ramirez* was fulfilled, thereby shifting the burden to the State to rebut the presumption of prejudice by showing that any exposure was harmless. Once the map was retrieved from the jury room and examined by counsel and the trial judge, Lewis moved for mistrial. The trial court then individually

questioned and admonished each juror, beginning with the juror who brought the map. The judge asked each juror if he or she was able to set aside the map and any discussions had thereon and make a decision solely on the evidence that they heard in the courtroom. Each juror replied affirmatively to the judge's question. Before releasing each juror back to the jury room, the judge admonished them to have no further discussions about the map. Once each juror had been individually questioned and admonished, the full jury was brought into the courtroom where the judge admonished them as a group to resume their deliberations and reach a decision based on the evidence presented and not on any discussions they may have had about the map. The trial court then determined that it had made the necessary inquiry of the jury and that each juror had indicated he or she could make a decision based only upon the evidence presented, and it denied Lewis' motion for mistrial.

[15] The trial court remedied any possible harm by interviewing and admonishing the jurors by the procedure as set forth in *Ramirez*. Further, we presume that each juror abided by the trial court's admonishment not to consider or discuss the map. *See Street v. State*, 30 N.E.3d 41 (Ind. Ct. App. 2015) (it is presumed jury followed trial court's admonishment), *trans. denied*. All jurors stated they could set aside the map and their discussion of the map and make a decision based only on the evidence presented in the courtroom; thus, the State was not put in the position of having to present additional evidence demonstrating the exposure was harmless. Further, Lewis has given us no reason to doubt the juror's assurances, and, as the trial court is in the best position to gauge the

circumstances of an event and its impact on the jury, we will not second-guess its decision. *See Weisheit v. State*, 26 N.E.3d 3 (Ind. 2015) (stating trial court in best position to evaluate whether mistrial is warranted because it evaluates first-hand relevant facts and circumstances and their impact on jury), *cert. denied*, 136 S. Ct. 901 (2016). We find no error with the trial court's determination that a mistrial was not warranted in this case.

[16] In light of the foregoing, we affirm the judgment of the trial court.

[17] Judgment affirmed.

Kirsch, J., and Bailey, J., concur.