## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2017, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Hassell L. Burden, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 28, 2017 <br><br> Court of Appeals Case No. 89A05-1704-CR-964 <br><br> Appeal from the Wayne Superior Court <br><br> The Honorable Gregory A. Horn, Judge <br><br> Trial Court Cause No. 89D02-1507-F5-76 |

**Najam, Judge.**

## Statement of the Case

Hassell L. Burden appeals his convictions, following a jury trial, for possession of cocaine or narcotic drug, as a Level 6 felony, and resisting law enforcement, as a Class A misdemeanor. He raises one issue on appeal, namely, whether the trial court abused its discretion when it admitted into evidence items obtained during an investigative stop. However, we hold that Burden has not preserved that issue for appellate review.

We affirm.

## Facts and Procedural History

At approximately 12:30 a.m. on July 11, 2015, Officer Andrew McClain of the Richmond Police Department was on patrol near the Tenth Street Park in Richmond. The area around that park is known as "a higher crime area" with "lots of burglaries in that area, vehicle thefts, intoxicated people, drug use, things of that nature." Tr. Vol. I at 95. Officer McClain was driving southbound on 10th Street when he observed Burden walking northbound along the same road. He noticed that Burden wore "a long-sleeve[d] shirt" and "long, dark-colored pants" even though it was July and the weather was hot. *Id*.

Officer McClain observed Burden look in the direction of his patrol car and then walk westbound in between two houses. Officer McClain continued southbound on 10th Street, turned west on South C Street, and then turned north into an alley between South 9th and 10th Street. At this point, Officer

McClain could not see Burden so he turned on the "scene lighting feature" on his overhead light board that turned "the entire front and sides of the light bar" bright white to help him better see the area. *Id*. at 97. Officer McClain continued to drive northbound in the alley and observed Burden "being very rigid and standing very tall behind a telephone pole." *Id*. Officer McClain considered this to be very unusual behavior.

[5] Officer McClain then saw that Burden continued to walk westbound. Officer McClain drove southbound and then turned westbound. As he approached South 9th Street, Officer McClain observed Burden walking very quickly, or what Officer McClain believed was "a slight jog." *Id*. at 98. Officer McClain crossed South 9th Street going westbound and turned southbound into an alley between South 8th Street and South 9th Street. Officer McClain observed Burden walk into the parking lot of a VFW. "Based on the route of travel[,] [the] time of night, [and] what [Officer McClain] believed was hiding behind a light pole," Officer McClain found the behavior suspicious and activated his overhead lights "to stop Mr. Burden to get out and speak with him." *Id*.

[6] After Officer McClain activated his lights, he saw Burden look back towards him and continue walking. Officer McClain then used the speaker system on the police car. As soon as he hit the button, the speaker "cracked," and Burden ran. *Id*. Officer McClain followed Burden in his vehicle until he came to an alley where he could not drive his car any further. Officer McClain parked his car, exited the vehicle and yelled "Stop. Police[.]" multiple times. *Id.* at 99. Officer McClain then pursued Burden on foot southbound through the alley.

Burden ran through the gate of a chain-link fence and through the yard of a residence. Officer McClain observed Burden pull things out of his pocket and throw them on the ground. Officer McClain continued to pursue Burden. Burden then dove headfirst over a chain-link fence. Officer McClain stopped at the fence, drew his Taser, and tased Burden when he began to get up. Officer McClain then crossed the fence and placed Burden in handcuffs.

[7] At that point, Sergeant Brandon Cappa arrived to assist Officer McClain. Sergeant Cappa took Burden to his patrol car. Officer McClain went back to collect the items that Burden had thrown on the ground. Officer McClain collected a brown cell phone case that contained a cell phone, a set of keys, a cigarette pack that contained a corner baggie of heroin, and a corner baggie of cocaine. Sergeant Cappa told Officer McClain over the radio system that he had located a set of digital scales and $902.38 in cash and change in the cargo pockets of Burden's pants. After officers took Burden to the jail, officers found that he had another corner baggie of cocaine and a corner baggie of marijuana in his possession.

[8] On July 16, 2015, the State charged Burden with possession with intent to deal cocaine or narcotic drug, as a Level 5 felony (Count I) and two counts of resisting law enforcement, as Class A misdemeanors (Counts II and III). On March 9 and April 28, 2016, Burden filed motions to suppress, which asserted that Officer McClain had seized Burden without probable cause in violation of the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. The trial court held a hearing on the motions to

suppress on January 10, 2017, and it denied the motions on January 31. The trial court held a jury trial on March 6-7.

[9] On the first day of trial, Burden did not seek a continuing objection to the admission of the seized items. To begin its case-in-chief, the State called Officer McClain as a witness. Officer McClain testified about the events that occurred on July 11, 2015, surrounding Burden's arrest. The State moved to enter State's Exhibit 1, which was a corner baggie "containing a pink[,] rock-like substance" and State's Exhibit 3, which was "a Newport cigarette pack containing a corner baggie containing an off-white[,] powder-like substance." Tr. Vol. I at 114. Burden responded: "No objection, Judge." *Id.* at 115. The parties stipulated to the admission of State's Exhibit 8 as evidence. Exhibit 8 is a certificate of analysis from the Indiana State Police Laboratory Division that determined that the pink, rock-like substance was cocaine and the off-white substance was heroin.

[10] During Officer McClain's testimony, the following conversation occurred, without objection, between the State's counsel and Officer McClain regarding Burden's actions after Officer McClain turned on his blue and red emergency lights:

> Q [by counsel for the State]. Okay. And then what did he do in response to the lights being activated?
>
> A. Mr. Burden looked back towards me and continued walking. When he did, I grabbed my [] PA, the speaker system on my

police car.  And as soon I hit the button, the speaker cracked, and Mr. Burden took off running.

* * *

Q.  Okay.  And when you got out of the vehicle, were you wearing a police uniform?

A.  Yes, sir, I was.

Q.  And you also indicated you had yelled and identified yourself as an officer and ordered him to stop; correct?

A.  Correct.

Q.  And did he comply?

A.  No, he did not.

Tr. Vol. I at 98, 100.  The State also called Manuel Burros.  Burros testified, again without objection, that shortly after midnight he "was standing on the porch smoking, and this guy come [] running through my yard being chased by the police."  Tr. Vol. I at 141.

[11]     On the morning of the second day of the trial, outside the presence of the jury, the following conversation occurred:

THE COURT:  My understanding is we want to create a record on an upcoming objection; is that correct?

[Burden's counsel]: Well, it's an upcoming—well, yes, Judge. I mean, yesterday there was admission of evidence that we'd had a suppression hearing on. My mind was wrapped around the 701, 702 issues, and I did not object. I know that's not timely. I guess I would raise that objection now just for purposes of appeal, knowing full well the evidence is in. It's in front of the Jury. It was going to come in anyways. But I just—to avoid possible PCR issues in the future, I guess I'd raise that objection now. And I don't know if we want it for the remaining evidence, go ahead make a standing objection to this point in time to help speed things up in front the of the Jury, not to keep objecting going forwards with the remaining evidence that has not been admitted yet.

[State of Indiana]: What—what is the specific objection again?

[Burden's Counsel]: It's based off the suppression issue we already litigated and lost. Just for purposes of appeal for that suppression issue.

* * *

THE COURT: The Court would note the objection. Again, the Court will overrule the objection as—and you're correct, as I would have had you made the objection in a timely fashion.

[Burden's counsel]: Yes.

THE COURT: So the Court will note the objection and note it as a continuing one based upon the Court's previous denial of the motion to suppress.

Tr. Vol. I at 146-47.

[12] The State continued with its case-in-chief and moved to admit Exhibit 2, a corner baggie of cocaine found on Burden when he arrived at the jail; Exhibit 6, a gray digital scale found in Burden's pockets at the scene of the arrest; and Exhibit 7, $902.38 in cash and change found in Burden's pockets at the scene of the arrest. Burden objected to the admission of each of these items at the time the State moved to introduce them, which the trial court overruled.

[13] At the conclusion of the evidence, the State dismissed Count III. The jury found Burden guilty of the lesser included offense of possession of cocaine or narcotic drug, as a Level 6 felony, for Count I and guilty of resisting law enforcement, as a Class A misdemeanor, for Count II. The court entered judgment of conviction accordingly. On March 31, the trial court sentenced Burden to an executed sentence of two years with the Indiana Department of Correction for Count I and one year for Count II, to be served concurrently. This appeal ensued.

## Discussion and Decision

[14] Burden contends that the trial court should have found that the investigative stop of Burden was unconstitutional under the United States Constitution and the Indiana Constitution and should have granted his motion to suppress evidence. In the alternative, Burden asserts that the trial court abused its discretion when it entered, as evidence, items seized during the unconstitutional stop.

[15] As our Supreme Court has recently held:

> Admission of evidence is generally left to the discretion of the
> trial court, and thus we review admissibility challenges for abuse
> of that discretion. *Guilmette v. State*, 14 N.E.3d 38, 40 (Ind.
> 2014). When, however, admissibility turns on questions of
> constitutionality relating to the search and seizure of that
> evidence, our review is *de novo*. *Id*. at 40–41.

*Jacobs v. State*, 76 N.E.3d 846, 849 (Ind. 2017).

### *Exhibits 1 and 3*

[16]    We conclude that Burden has not preserved his challenge to the admissibility of
Exhibit 1, the corner baggie of cocaine, and Exhibit 3, the cigarette case that
contained a corner baggie of heroin. As the Indiana Supreme Court has held:
"A contemporaneous objection *at the time the evidence is introduced at trial* is
required to preserve the issue for appeal, whether or not the appellant has filed a
pretrial motion to suppress." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010)
(emphasis added). "Indeed, an appellate claim will not be preserved upon an
objection discussed or not mad*e immediately prior to* or following the admission
of evidence." *Dilts v. State*, 49 N.E.3d 617, 619 (Ind. Ct. App. 2015) (emphasis
added). Here, Burden did not object when the State introduced the evidence
and affirmatively stated that he had no objection to its admission. Because
Burden did not make a contemporaneous objection to the admission of Exhibits
1 and 3, he has waived this issue on appeal. *See e.g. Brown*, 929 N.E.2d at 207. [1]

---

[1]  When the State introduced the corner baggie of heroin, as Exhibit 1, and the corner baggie of cocaine, as
Exhibit 3, into evidence, Burden specifically stated: "No objection, Judge." Tr. Vol. I at 115. As such, the

### Exhibits 2, 6, and 7

[17] Burden also contends that the trial court abused its discretion when it admitted into evidence Exhibit 2, the corner baggie of cocaine found on Burden when he was taken to the jail; Exhibit 6, the digital scale; and Exhibit 7, money that was found in Burden's pockets at the scene of the arrest. However, even if Burden is correct, any error is harmless.

> Generally, errors in the admission of evidence are to be disregarded unless they affect the substantial rights of a party. *Turner [v. State],* 953 N.E.2d [1039,] 1059 [(Ind. 2011)]. In viewing the effect of the evidentiary ruling on a defendant's substantial rights, we look to the probable impact on the fact finder. *Id*. The improper admission is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction. *Id*.

*Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012).

[18] Here, the evidence in question is a corner baggie of cocaine found in Burden's possession when he was searched upon his arrival at the jail, a gray digital scale found on Burden at the scene of the arrest, and $903.28 in cash and change seized from Burden at the scene of his arrest. But the trial court had previously admitted into evidence one baggie containing cocaine and one baggie

---

doctrine of fundamental error is not available to Burden on appeal. *See Halliburton v. State*, 1 N.E.3d 670, 679 (Ind. 2013).

containing heroin.  As such, there was likely no impact on the jury from the additional evidence, and any error in the admission of that evidence was harmless because Burden's conviction for possession of cocaine or a narcotic drug is supported by substantial, independent evidence.  Accordingly, we affirm his conviction for possession of cocaine or a narcotic drug.

### Testimony of Officer McClain and Barros

[19] Burden further contends that his conviction for resisting law enforcement should be reversed.  The evidence supporting this conviction is the testimony of Officer McClain and the testimony of Barros.  However, Burden did not object to Officer McClain's testimony that Burden ran away from Officer McClain after he had turned on his cruiser's red and blue emergency lights and after his speaker cracked.  Similarly, Burden did not object to Barros' testimony that Barros had witnessed a man run through his yard while a police officer chased him.  Again, "an appellate claim will not be preserved upon an objection discussed or not made *immediately prior to or following* the admission of evidence." *Dilts*, 49 N.E.3d at 619 (emphasis added).  "A claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error occurred." *Brown*, 929 N.E.2d at 207.

[20] Burden, however, does not offer a fundamental error argument, and we will not provide one for him.  *See* Ind. App. R. 46(A)(8)(a); *Dilts*, 49 N.E.3d at 628. Therefore, Burden has waived appellate review of this issue.  Accordingly, we affirm his conviction for resisting law enforcement.

In conclusion, we hold that Burden waived the issue of the admission of the baggie of cocaine and the cigarette case that contained the baggie of heroin as evidence; that any error in the trial court's admission of the second baggie of cocaine, the scale, and the money as evidence was harmless; and that Burden waived the issue of the testimony of Office McClain and Burros. Therefore, we affirm Burden's convictions.

Affirmed.

Kirsch, J., and Brown, J., concur.