# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 06 2020, 8:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel Hageman
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Matthew J. Goode,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 6, 2020

Court of Appeals Case No.
20A-CR-374

Appeal from the Marion Superior Court

The Honorable Barbara Crawford, Judge

Trial Court Cause No.
49G01-1808-F3-26462

**Brown, Judge.**

[1] Matthew J. Goode appeals his conviction for resisting law enforcement in a vehicle resulting in death as a level 3 felony and argues the trial court committed fundamental error in giving a preliminary jury instruction. We affirm.

## Facts and Procedural History

[2] On August 10, 2018, Indianapolis Metropolitan Police Officer Alexander Craft ran the license plate of a white Chrysler Sebring, received information the Chrysler had been reported stolen, activated his marked police vehicle's overhead lightbar, and pulled his vehicle behind the Chrysler. Goode was driving the Chrysler, and Tracy Sears was a passenger. Goode accelerated away and led officers on a chase, reaching a speed of approximately seventy miles per hour. Officer Craft announced over the radio that he was behind a stolen vehicle and described the vehicle and his path of travel. Goode disregarded stop signs, cut through a vacant grass lot, skidded on his brakes into a residential yard before regaining control and driving over a sidewalk and back onto the road, disregarded red lights, suddenly slammed on his brakes while the police vehicles were behind him, and crossed the center lane of traffic. Officers requested "a PIT certified vehicle, a Pursuit Intervention Technique certified vehicle to join the pursuit as our then orders request us to do, so they can if they see the opportunity to make – safely perform the PIT maneuver to end the pursuit," and the PIT car, driven by Indianapolis Metropolitan Police Officer Mark Spears, "traveled in front of [Officer Craft] to take the primary pursuit." Transcript Volume II at 134-135. Officer Spears began to move his vehicle into

a position relative to the Chrysler to perform a maneuver, Goode's vehicle moved suddenly or swerved, Officer Spears veered away, and Goode lost control of the Chrysler, drove through a fence, and struck a tree. The pursuit lasted approximately five minutes. The officers found Goode and Sears unconscious. Sears died at the scene from multiple blunt force injuries and suffered neck and rib fractures and heart, lung, liver, and spleen lacerations.

[3] On August 13, 2018, the State charged Goode with resisting law enforcement resulting in death as a level 3 felony. The State later alleged he was an habitual offender. At trial, the court proposed preliminary instructions, and Goode's counsel did not object and indicated he did not have any corrections or instructions to tender. The court gave the jury Preliminary Instruction No. 4 which set forth the State's charging information, including language stating "the undersigned Deputy Prosecuting Attorney . . . , being duly sworn on his/her oath (or having affirmed), says that . . . ." Appellant's Appendix Volume II at 157. The court also gave the jury Final Instruction Nos. 6 and 7 on the lesser included offense of resisting law enforcement as a level 6 felony. The jury found Goode guilty of resisting law enforcement as a level 3 felony, and he admitted to being an habitual offender. The court sentenced Goode to twelve years for resisting law enforcement as a level 3 felony enhanced by eight years for being an habitual offender.

## *Discussion*

[4] Goode concedes that he did not object to Preliminary Instruction No. 4 but argues the trial court committed fundamental error in giving the instruction.

He argues the instruction includes a sworn affirmation from a deputy prosecutor that he committed the charged crime, this Court has disapproved of such language in instructions, and the instruction was an expression of support for the charge against him. He argues the instruction deprived him of due process and invaded the province of the jury.

[5] At trial, Goode did not object to Preliminary Instruction No. 4 on the basis that it contained improper affirmation language or offer an alternative instruction which did not include such language, and thus he has waived the issue for appellate review. *See Baker v. State*, 948 N.E.2d 1169, 1178 (Ind. 2011) (finding the appellant had neither objected to the trial court's instruction nor offered an instruction of his own and accordingly waived the issue), *reh'g denied*; Ind. Trial Rule 51(C) ("No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.").

[6] To the extent Goode asserts Preliminary Instruction No. 4 constituted fundamental error, we observe that fundamental error is an extremely narrow exception that allows a defendant to avoid waiver of an issue. *Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006). It is error that makes a fair trial impossible or constitutes clearly blatant violations of basic and elementary principles of due process presenting an undeniable and substantial potential for harm. *Id.* This exception is available only in "egregious circumstances." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010), *reh'g denied*. "Fundamental error is meant to permit appellate courts a means to correct the most egregious and blatant trial

errors that otherwise would have been procedurally barred, not to provide a second bite at the apple for defense counsel who ignorantly, carelessly, or strategically fail to preserve an error." *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014), *reh'g denied*.

[7] The instruction which Goode challenges on appeal, Preliminary Instruction No. 4, provided in part:

> IN THIS CASE, THE STATE OF INDIANA HAS CHARGED THE DEFENDANT WITH COUNT I, RESISTING LAW ENFORCEMENT, A LEVEL 3 FELONY. THE CHARGE READ AS FOLLOWS:
>
> * * * * *
>
> On this date, the undersigned Deputy Prosecuting Attorney of the Nineteenth Judicial Circuit, being duly sworn on his/her oath (or having affirmed), says that in Marion County, Indiana
>
> COUNT I
>
> On or about August 10, 2018, MATTHEW J GOODE did knowingly flee from Officer Alexander Craft, a law enforcement officer, after said officer identified himself by visible or audible means and visibly or audibly ordered said defendant to stop, and in committing said act, the defendant operated a vehicle in a manner that caused the death of Tracy Sears;

Appellant's Appendix Volume II at 156-157. Indiana Pattern Criminal Jury Instruction 1.0700, titled "The Charge," provides: "In this case, the State of

Indiana has charged the Defendant with [Count 1: (*insert Count 1*), Count 2: (*insert Count 2*), etc.] The charge(s) read(s) as follows: ___ [*insert the Charge*]."

[8]     In *Lynn v. State*, the appellant argued a preliminary instruction setting forth the charges was improper because it included "the affirmation language from the original charging informations." 60 N.E.3d 1135, 1138 (Ind. Ct. App. 2016), *trans. denied*. Specifically, he asserted that language in the charging information stating the affiant "does hereby swear or affirm under the penalties of perjury" invaded the province of the jury, deprived him of due process, and constituted a tacit expression of support for the State's position. *Id*. at 1139. He argued the trial court's failure to redact the affirmation language from the instruction amounted to fundamental error. *Id*. This Court noted that "as a general matter . . . such affirmation language has no place in jury instructions and the best practice is for trial courts to redact such language." *Id*. However, we concluded the appellant failed to demonstrate fundamental error in light of the other instructions given to the jury. *Id*. In particular, we noted the jury was specifically instructed that the charges which had been filed were the formal methods of bringing the defendant to trial, the filing of charges was not to be considered evidence of guilt, a person charged with a crime is presumed to be innocent and the State bore the burden to prove each element beyond a reasonable doubt, the jurors were to consider the instructions as a whole, and they were the exclusive judges of the evidence and facts. *Id*. We accordingly concluded the instruction did not invade the province of the jury and the affirmation language did not so affect the charge that the jury was misled. *Id*.

[9] Here, Preliminary Instruction No. 4 was a repetition of the charging information. In addition, Preliminary Instruction No. 6 stated the charge which had been filed was the formal method of bringing the defendant to trial and the filing of a charge or the defendant's arrest was not to be considered as any evidence of guilt. Preliminary Instruction No. 7 stated the burden was upon the State to prove beyond a reasonable doubt that the defendant was guilty, a defendant must not be convicted on suspicion or speculation, and the State must prove each element of the crime by evidence that leaves no reasonable doubt. Preliminary Instruction No. 8 and Final Instruction No. 4 stated a person charged with a crime is presumed to be innocent, the presumption of innocence continues in favor of the defendant throughout each stage of the trial, the jurors should fit the evidence presented to the presumption that the defendant is innocent if they could reasonably do so, and, to overcome the presumption of innocence, the State must prove the defendant guilty of each element of the crime charged beyond a reasonable doubt. Preliminary Instruction No. 8 also stated that, if the evidence lends itself to two reasonable interpretation, the jurors must choose the interpretations consistent with the defendant's innocence. Preliminary Instruction No. 9 stated the jurors were the exclusive judges of the evidence. Further, Preliminary Instruction No. 1 stated the jurors should not form or express any conclusion or judgment about the outcome of the case until the court submitted the case to it for deliberations, and Preliminary Instruction No. 3 stated the jurors were to consider all the instructions together and not to single out any certain sentence or any individual point or instruction and ignore the others.

Based upon the record and in light of the jury instructions, we conclude that Goode has not demonstrated fundamental error. *See Lynn*, 60 N.E.3d 1138-1139.[1]

For the foregoing reasons, we affirm.

Affirmed.

Robb, J., and Crone, J., concur.

---

[1] Goode states *Lynn* "focused on the fact that the jury decided to convict the defendant of a lesser-included offense . . . as proof that the jury was not substantially influenced by the affirmation language," and argues that, unlike in *Lynn*, he was convicted "of the lead charge." Appellant's Brief at 11-12. The *Lynn* court observed the jury's decision to find the appellant guilty of a lesser included offense indicated the jury was not substantially influenced by the affirmation language. 60 N.E.3d at 1139. However, the observation was merely additional support, and not the primary basis, for the finding that no fundamental error occurred. Goode also argues the instruction on the lesser included offense of resisting law enforcement as a level 6 felony "did not include the corresponding sworn affirmation by the government" and, "[b]ut for the imbalance between the court's instructions, the jury could have appropriately considered [his] request that the jury convict him of the lesser included offence and not the lead charge involving Tracy Sears' death." Appellant's Brief at 12. Here, Final Instruction No. 6 stated that, if the State failed to prove the defendant committed resisting law enforcement resulting in death, the jurors may consider whether the defendant committed resisting law enforcement, Final Instruction No. 7 defined the crime of resisting law enforcement as a level 6 felony, and Final Instruction No. 9 defined when a person's conduct is responsible for causing a death. In light of all the court's instructions and the evidence before the jury, we conclude any harm or potential for harm resulting from the "affirmation language" in Preliminary Instruction No. 4, and the absence of such language in the lesser included offense instructions, was not substantial.