## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2016, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane H. Conley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Jones, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 18, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1601-CR-18 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Steven Rubick, Magistrate <br><br> Trial Court Cause No. <br> 49G01-1405-FC-25131 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Richard Jones was convicted of resisting law enforcement, a Class A misdemeanor. Jones appeals, raising a single issue for our review, which we restate as whether the trial court abused its discretion in admitting evidence obtained by police during a warrantless entry and arrest in his residence. Concluding Jones failed to preserve the issue for appeal with a contemporaneous objection to the admission of that evidence, we affirm.

# Facts and Procedural History

[2] Jones resides with his eighty-six-year-old grandmother, Essie Ferrell, in her home, along with his six-year-old son, and his uncle. On the evening of May 13, 2014, Jones' girlfriend, Shamane Roach, arrived at the home and began arguing with Jones about her vehicle, which she accused him of stealing. The dispute caused so much noise that Jones' uncle called the police and reported a disturbance. After the police were called, Roach left the home and went outside.

[3] Shortly thereafter, Officers Timothy Elliott and Nicholas Galico of the Indianapolis Metropolitan Police Department ("IMPD") responded to the report and arrived at the home. When they arrived, Jones and Ferrell were inside the home with the door ajar, while Roach stood in the driveway. Roach spoke with the officers and informed them Jones stole her vehicle. Officer Elliott then approached Jones at the doorway and asked him to step outside to

"get his side of the story." Transcript at 182-83. However, Jones declined to come outside and stayed inside the home with Ferrell. A few moments later, Ferrell attempted to exit the house to speak with Officer Elliott, but Jones grabbed her and pushed her aside in an effort to close the door. Officer Elliott then told Jones he was under arrest for committing battery on Ferrell and ordered him to leave the door open. Jones shut the door and locked it.

[4] Officer Elliott backed away from the door, instructed Officer Galico to watch the rear of the house, and radioed for backup. Three additional IMPD officers responded to the call, including Officer Elliott's supervisor, Lieutenant Sandra Storkman. Five to ten minutes later, the door opened and Ferrell exited the home and spoke to Lieutenant Storkman and Officer Elliott. Both officers testified Ferrell permitted them to enter the home as long as they "didn't hurt [Jones]." *Id.* at 36.

[5] After receiving Ferrell's consent, Officer Elliott and the two additional IMPD officers entered the home, while Officer Galico watched the rear of the home. Once inside, the officers located Jones sitting on his bed holding his son. Jones initially refused to comply with the officers' command to release his son; however, Jones eventually allowed his son to leave the home. Officer Elliott then ordered Jones to stand up and put his hands behind his back, but Jones ignored his command and rolled over on his stomach. Jones then put his hands beneath his abdomen, preventing the officers from placing handcuffs on him. The officers eventually forced his hands behind his back, placed him in handcuffs, and escorted him outside.

[6] As Officer Elliott attempted to place Jones in his police car, Jones stiffened his body and used his legs to push off the door frame of the car. Jones continued to struggle, forcing the officers to deploy mace and bring Jones to the ground to subdue him. While on the ground, Jones began to twist his body and thrash around violently with his legs, causing the officers to place him in leg shackles. Eventually, the officers were able to gain Jones' compliance and place him in a police vehicle.

[7] The State charged Jones with Count I, auto theft, a Class D felony; Count II, resisting law enforcement, a Class D felony; Count III, battery, a Class D felony; Count IV, battery by bodily waste, a Class D felony; and Count V, battery, a Class B misdemeanor. The State also sought to enhance Count I to a Class C felony based on Jones' prior conviction for auto theft. On November 19, 2014, the State dismissed Count I, Count V, and the auto theft enhancement. Jones' first jury trial was held the same day and resulted in a mistrial. On May 20, 2015, Jones filed a motion to suppress evidence, alleging the State obtained its evidence as a result of an illegal entry and arrest in violation of the Fourth Amendment. The trial court denied the motion and the case proceeded to a second trial. At trial, Jones neither made a continuing objection nor did he object to the admission of any evidence on constitutional grounds. The jury found Jones guilty of resisting law enforcement as a Class A misdemeanor and not guilty of the two remaining counts of battery. Jones now appeals.

# Discussion and Decision

[8] Jones contends the police officers' warrantless entry and arrest in his residence violated the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. Using nearly identical language, both provisions guarantee a person's right to be free from unreasonable searches and seizures. *Campbell v. State*, 841 N.E.2d 624, 627 (Ind. Ct. App. 2006).

[9] "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment— subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnotes omitted) (emphasis added). Under the Fourth Amendment, if a search is conducted without a warrant, the State bears the burden of proving an exception to the warrant requirement. *Swanson v. State*, 730 N.E.2d 205, 208 (Ind. Ct. App. 2000), *trans. denied*. Search and seizure violations under Article 1, Section 11 of the state constitution are analyzed differently. *Baldwin v. Reagan*, 715 N.E.2d 332, 337 (Ind. 1999). The State must show that, in the totality of the circumstances, the police behavior was reasonable. *Brown v. State*, 653 N.E.2d 77, 79 (Ind. 1995). The provision is to receive liberal application to ensure that citizens of this state are free from unreasonable searches and seizures. *Id.*

[10] Although Jones filed a pretrial motion to suppress, we note that when a defendant challenges the constitutionality of a search following a completed trial, we consider the issue to be whether the trial court abused its discretion by

admitting the challenged evidence. *Clark v. State*, 994 N.E.2d 252, 259 (Ind. 2013). An abuse of discretion occurs "only when admission is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights." *Id.* at 260. In reviewing the trial court's decision, we do not reweigh the evidence and consider conflicting evidence most favorably to the ruling. *Meredith v. State*, 906 N.E.2d 867, 869 (Ind. 2009). We defer to the trial court's factual determinations unless clearly erroneous, *id.*, but the constitutionality of the search is a question of law we consider de novo. *Carpenter v. State*, 18 N.E.3d 998, 1001 (Ind. 2014).

[11] Jones contends the police violated his rights pursuant to the Fourth Amendment and Article 1, Section 11 of the Indiana Constitution by conducting a warrantless entry and arrest, and therefore his conviction should be reversed. The State argues Jones waived any objection to the admission of the evidence by failing to object to its admission at trial. Jones does not deny he failed to object on constitutional grounds at trial,[1] and he does not contend the trial court committed fundamental error.

[12] We agree with the State that Jones failed to preserve his constitutional challenge to the admissibility of the evidence. A contemporaneous objection at the time the evidence is introduced at trial is required to preserve an issue for

---

[1] Jones objected on several occasions at trial, but his objections were based on evidentiary concerns, such as hearsay. However, generally a party "may not object to the admission of evidence on one basis at trial and for a different reason on appeal." *Hart v. State*, 578 N.E.2d 336, 337 (Ind. 1991).

appeal, regardless of whether the appellant has filed a pretrial motion to suppress. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010); *see also Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000) (holding the failure to make a contemporaneous objection to the admission of evidence at trial results in waiver of the error on appeal); *Wagner v. State*, 474 N.E.2d 476, 484 (Ind. 1985) (noting that when a motion to suppress has been overruled and the evidence sought to be suppressed is later offered at trial, no error will be preserved unless there is an objection at that time).

[13] Here, Jones did not object during trial to the admission of any of the State's evidence against him on constitutional grounds. Accordingly, he has not preserved his arguments for appellate review. Moreover, the State relies on Jones' lack of a trial objection in its brief on appeal, and Jones does not assert in his initial brief or in his reply brief that this court should nonetheless review the merits of his argument under the fundamental error doctrine or for another reason. *See Brown*, 929 N.E.2d at 207 (holding "an error in ruling on a motion to exclude improperly seized evidence is not *per se* fundamental error" and "[w]e do not consider that admission of unlawfully seized evidence *ipso facto* requires reversal"). We conclude Jones has waived the issue of whether the trial court abused its discretion when it admitted the evidence at trial.[2] Thus,

---

[2] We note that not reviewing for fundamental error does not necessarily end the matter. Jones may seek relief, if he so desires, through a post-conviction claim of ineffective assistance of counsel. *Whiting v. State*, 969 N.E.2d 24, 34 (Ind. 2012); *see also Pemberton v. State*, 560 N.E.2d 524, 527 (Ind. 1990) (holding that defendant was denied effective assistance of counsel when trial counsel failed to make a contemporaneous trial objection).

we do not address whether consent or exigent circumstances justified the warrantless entry of Jones' home. Accordingly, we affirm Jones' conviction.

# Conclusion

[14] At trial, Jones failed to object to the admission of evidence on the grounds that it was obtained in violation of the federal and state constitutions, and has waived the issue on appeal. We therefore affirm his conviction.

[15] Affirmed.

Mathias, J., and Brown, J., concur.