## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 22 2017, 6:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel C. Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald Lee Troy,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 22, 2017<br><br>Court of Appeals Case No.<br>67A05-1611-CR-2553<br><br>Appeal from the Putnam Superior Court<br><br>The Honorable Charles D. Bridges, Judge<br><br>Trial Court Cause No.<br>67D01-1608-F5-123 |

**Bailey, Judge.**

# Case Summary

Following a guilty plea, Donald Lee Troy ("Troy") was convicted of Sexual Misconduct with a Minor, as a Level 5 felony,[1] and sentenced to six years imprisonment, with five years executed and one year suspended to probation. Troy now appeals, challenging aspects of his sentence.

We affirm.

# Issues

Troy presents the following expanded and restated issues:

    I.     Whether the trial court abused its sentencing discretion; and

    II.    Whether his sentence is inappropriate.

# Facts and Procedural History

On August 15, 2016, forty-nine-year-old Troy was charged with having sexual intercourse with A.B., who was over the age of fourteen and under the age of sixteen. Troy pleaded guilty to the offense pursuant to a plea agreement. A sentencing hearing was held on October 12, 2016, and the trial court imposed a sentence of six years, with one year suspended to probation.

---

[1] Ind. Code § 35-42-4-9(a).

[5] This appeal ensued.

# Discussion and Decision

## Abuse of Sentencing Discretion

[6] Troy argues that the trial court abused its sentencing discretion by improperly identifying certain aggravating factors.

[7] Sentencing decisions are within the discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* In sentencing a defendant, the trial court must enter a sentencing statement that includes "reasonably detailed reasons or circumstances for imposing a particular sentence," *id.* at 491, and Indiana Code section 35-38-1-7.1 provides a non-exhaustive list of potential aggravating or mitigating circumstances. "[O]nce the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then 'impose any sentence that is . . . authorized by statute; and . . . permissible under the Constitution of the State of Indiana.'" *Id.* (quoting I.C. § 35-38-1-7.1(d)).

[8] One way the trial court abuses its sentencing discretion is when it "enter[s] a sentencing statement that explains reasons for imposing a sentence—including

a finding of aggravating and mitigating factors if any—but the record does not support the reasons." *Id.* at 490. The trial court also abuses its sentencing discretion when "the reasons given are improper as a matter of law." *Id.* at 491. If the trial court has abused its sentencing discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.*

[9] Troy contends that the trial court abused its sentencing discretion because it improperly "relied upon the probable cause affidavit not admitted as evidence during the sentencing hearing to find several aggravators not advanced by the State." Appellant's Br. at 10. In this respect, Troy challenges the following aggravators derived from the probable cause affidavit: (1) Troy was grooming other potential victims; (2) Troy encouraged A.B. to change her story; and (3) Troy asked A.B. to send him inappropriate pictures.

[10] Troy did not object to use of the probable cause affidavit when the trial court orally sentenced him, and so Troy has waived this argument. *See Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (noting that failure to raise a contemporaneous objection results in waiver of appellate review). Waiver notwithstanding, even if we were to conclude that the probable cause affidavit was not properly before the trial court, in light of other aggravating circumstances that the trial court properly identified—that Troy engaged in multiple sexual acts with A.B. over an extended time and that he shifted blame to A.B. by telling the probation

department that she had flirted with him—we are confident that the trial court would have imposed the same sentence. *See Anglemyer*, 868 N.E.2d at 491.

[11] Troy also contends that the trial court abused its discretion by "seem[ing] to have applied aggravating weight to the fact that A.B. will have to deal with this crime her whole life," pointing out that "no emotional impacts upon A.B. were demonstrated by the record." Appellant's Br. at 13. Troy focuses on a moment in the trial court's sentencing statement when it noted that Troy's wife had been similarly victimized: "[Y]our poor wife, having gone through this herself, now she's having to relive this . . . [s]he's had to deal with this her whole life . . . [a]s will the victim in this case." (Sent. Tr. at 64.) We do not think that the trial court, through this brief comment, found that the impact on A.B. was a distinct and separate aggravator. Indeed, as the State points out, the trial court did not use the language "aggravator" or "aggravating factor" as it had while reflecting on other circumstances. We thus conclude that the trial court did not abuse its discretion when it briefly acknowledged the testimony Troy's wife had given.

[12] Finally, Troy asserts that the trial court abused its discretion when it identified his criminal history as an aggravating factor. The identified criminal history includes two matters, both of which Troy self-reported: an arrest for a juvenile offense of possession of paraphernalia and a 2011 arrest for illegal taking of a wild animal. Both matters were dismissed, and the pre-sentence investigation lacks further detail about the circumstances of either arrest.

[13] A record of arrests, without more, does not constitute "criminal history" for the purposes of sentence aggravation. *Tunstill v. State*, 568 N.E.2d 539, 545 (Ind. 1991). Rather, "[t]he substance of [this] aggravator . . . is the fact that the defendant committed the other crime, not that he was arrested for it." *Id.* Nonetheless, an arrest record "is relevant to the court's assessment of the defendant's character and the risk that he will commit another crime and is therefore properly considered by a court in determining [a] sentence." *Id.* Indeed, the record might "reveal to the court that subsequent antisocial behavior on the part of the defendant has not been deterred even after having been subject to the police authority of the State and made aware of its oversight of the activities of its citizens." *Id.*

[14] Here, the trial court acknowledged that Troy had been arrested and not convicted. The trial court nevertheless determined that the arrests amounted to a criminal history, and identified that history as an aggravating circumstance. We conclude that the trial court abused its discretion to the extent that it relied on the bare self-reported arrests to identify criminal history as an aggravating circumstance. Nonetheless, we conclude that the error was harmless. *See* Ind. Trial Rule 61 (providing that no error or defect in an order is ground for disturbing the order "unless refusal to take such action appears to the court inconsistent with substantial justice"). Although the trial court should not have characterized Troy's arrests as "criminal history," the trial court could have properly relied on those arrests to make a character determination about Troy, and thereby properly aggravate his sentence. *See* I.C. § 35-38-1-7.1(c) (noting

that trial court is not limited in "the matters . . . [it] may consider in determining the sentence"). We are ultimately confident that, had the trial court characterized Troy's arrest record as indicative of an aggravating character attribute instead of as aggravating criminal history, the trial court would have reached the same sentence. *See Anglemyer*, 868 N.E.2d at 491.[2]

## Inappropriate Sentence

Troy asks that we exercise our authority to revise his sentence.[3] Even when a trial court has not abused its sentencing discretion, we may independently review a sentence under Indiana Appellate Rule 7(B). Under this rule, we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In conducting our review, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers, not achieve the perceived "correct" result in each case. *Id.* at 1225. The defendant bears the

---

[2] Indeed, we note that the trial court—although it could have more artfully done so—appeared to express concern about Troy's character given his previous interactions with law enforcement, despite characterizing the arrest record as criminal history: "I'm not sure, if maybe you've got it in your head now when you commit a crime that you just walk away like you did the other two. I don't know." (Sent. Tr. at 64.)

[3] In the conclusion of his brief, Troy makes a brief request for a revision of his sentence. We treat Troy's claim as properly raised, reminding counsel that inappropriate sentence and abuse of discretion arguments are to be separately analyzed. *See Anglemyer*, 868 N.E.2d at 491.

burden of persuading us that his sentence is inappropriate. *Whatley v. State*, 928 N.E.2d 202, 207-08 (Ind. 2010).

[16] Regarding the nature of the offense, the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006). The sentencing range for a Level 5 felony is between one year and six years, with an advisory sentence of three years. I.C. § 35-50-2-6. Troy received the maximum sentence length of six years, with one year suspended to probation.

[17] As to the nature of Troy's offense, Troy engaged in sexual intercourse with a minor whom he employed. The intercourse, along with other sexual acts, occurred multiple times and took place at work. As to the character of the offender, Troy pleaded guilty, expressed remorse, and proactively attended counseling, which reflects well on Troy's character. Troy also appears to be a supportive parent to his step-children and a helpful caregiver to his father. However, Troy decided to take advantage of a minor who worked for him, and he seemingly attempted to shift blame to the victim when he told the probation department that A.B. had flirted with him.

[18] Troy presents no argument as to the nature of his offense or his character, and we are not persuaded that his sentence warrants revision.

# Conclusion

[19] Troy has not directed us to reversible error in the trial court's sentencing order, and the sentence is not inappropriate.

[20] Affirmed.

Vaidik, C.J., and Robb, J., concur.