# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 07 2014, 9:18 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

KEVIN J. MAMON,                       )
                                      )
    Appellant-Defendant,          )
                                      )
      vs.                    )    No. 30A01-1301-CR-47
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.           )

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Terry K. Snow, Judge
Cause No. 30D01-1204-FD-524

April 7, 2014

OPINION - FOR PUBLICATION

**SHEPARD**, Senior Judge

A contention that certain evidence admitted at trial was the product of unreasonable search or seizure, the Indiana Supreme Court has explained, does not ipso facto describe an error vitiating the need for a contemporaneous objection.

Appellant Kevin J. Mamon asserts that the state trooper who stopped him for following too closely in a construction zone did not have reasonable suspicion to do so. He thus says the convictions for offenses like criminal recklessness (speeding off, after the stop, at 80 m.p.h.) must be reversed notwithstanding his failure to raise the issue at trial.

FACTS AND PROCEDURAL HISTORY

On April 10, 2012, Indiana State Police Trooper Matthew Wilson was parked on Interstate Highway 70 in Hancock County, watching traffic in a construction zone. He saw a Jeep Cherokee following another vehicle too closely and pulled it over.

Mamon was driving the Jeep. When Wilson asked for a driver's license, Mamon provided an identification card. Mamon showed signs of intoxication, like red, glassy eyes. The Jeep's interior smelled of alcohol.

Trooper Wilson went back to his car to find out whether Mamon's license was suspended and to retrieve his portable Breathalyzer. He confirmed that Mamon's license was suspended, but before he could return to the Jeep, Mamon got out and walked away along the highway.

Wilson activated his car's public address system and ordered Mamon to return to his Jeep. Mamon ignored Wilson three times, so Wilson parked his squad car in front of

him and again ordered him to return to the Jeep. Mamon walked back to the Jeep only after Wilson threatened to arrest him for resisting law enforcement.

Wilson moved his car back to the Jeep and parked behind it. Mamon reentered the Jeep and drove away at a high rate of speed. Wilson followed, with his lights and siren activated. Mamon sped through the construction zone, traveling up to eighty miles an hour while changing lanes without signaling and "running people off the road." Tr. p. 155. Wilson ended the chase after a mile and a half because it was too dangerous for the traffic conditions. Other officers later arrested Mamon.

The State charged Mamon with class D felony resisting law enforcement, class A misdemeanor criminal recklessness, class B misdemeanor reckless driving, and being a habitual offender. Mamon represented himself at a bifurcated trial. After a jury convicted him of all three offenses, Mamon pled to the habitual charge. The trial court sentenced him accordingly, and this appeal followed.

ISSUE

Mamon raises one issue: whether the trial court erred in admitting evidence from the traffic stop.

DISCUSSION AND DECISION

Mamon argues Wilson had no basis to stop him and violated his right against unreasonable search and seizure under the Fourth Amendment and article I, section 11 of the Indiana Constitution. He thus asserts that any evidence gained during the stop was inadmissible.

3

Mamon acknowledges that he failed to object to any of the evidence at issue, thereby failing to preserve these claims for appellate review. Appellant's Br. p. 4. He instead argues that admission of the evidence was fundamental error. As the Supreme Court has said, this narrow doctrine may lead to reversal where there has been a "blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006).

The claim here is that Trooper Wilson's initial stop for "following too closely" rested on an insufficiently precise description of "too closely."

As the Supreme Court recently said, the admission of evidence as the result of an improper seizure does not ipso facto warrant reversal under the fundamental error doctrine. "Indeed," Justice Boehm wrote for a unanimous Court, "because improperly seized evidence is frequently highly relevant, its admission ordinarily does not cause us to question guilt." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). Thus, where there is "no claim of fabrication of evidence or willful malfeasance on the part of the investigating officers and no contention that the evidence is not what it appears to be," the claimed error in admission is not fundamental. *Id.*

In the current case, as in *Brown*, there is no claim of evidence fabrication or willful malfeasance on the part of law enforcement. To the contrary, Mamon argues Wilson merely misunderstood the law governing tailgating. Mamon does not dispute the

4

truth of Wilson's testimony and related exhibits.  Like the Supreme Court in *Brown*, we see no grounds for reversal.

CONCLUSION

We affirm the judgment of the trial court.

Affirmed.

RILEY, J., and MAY, J., concur.