## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2018, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin Jemar Mamon
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Jemar Mamon, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 17, 2018 <br><br> Court of Appeals Case No. <br> 30A01-1602-PC-435 <br><br> Appeal from the Hancock Superior Court <br><br> The Honorable R. Kent Apsley, Special Judge <br><br> Trial Court Cause No. <br> 30D01-1501-PC-83 |

**Bailey, Judge.**

# Case Summary

[1] Kevin Jemar Mamon ("Mamon") appeals, *pro se*, the denial of his petition for post-conviction relief, which challenged several convictions that stemmed from events following a traffic stop. Mamon represented himself at his underlying trial, but was represented by counsel during most of the pre-trial phase. On appeal, Mamon focuses on a single issue, which we restate as whether Mamon received ineffective assistance of counsel because his pre-trial counsel did not file a motion to suppress evidence, and this allegedly precluded Mamon from later challenging the constitutionality of the traffic stop.[1]

[2] We affirm.

# Facts and Procedural History

[3] On direct appeal, a panel of this Court provided the following recitation:

> On April 10, 2012, Indiana State Police Trooper Matthew Wilson was parked on Interstate Highway 70 in Hancock County, watching traffic in a construction zone. He saw a Jeep

---

[1] In his reply brief, Mamon briefly asserts that counsel was ineffective for failing to challenge the propriety of venue in Hancock County, and that the post-conviction court erred in certain respects, including by failing to "examine the entirety of the lawyer's work on the case." Reply Br. At 6. However, an appellant waives any issue first raised in the reply brief. *See* Ind. Appellate Rule 46(C) ("No new issues shall be raised in the reply brief."); *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977-78 (Ind. 2005) ("The law is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived.").

Cherokee following another vehicle too closely and pulled it over.

Mamon was driving the Jeep. When Wilson asked for a driver's license, Mamon provided an identification card. Mamon showed signs of intoxication, like red, glassy eyes. The Jeep's interior smelled of alcohol.

Trooper Wilson went back to his car to find out whether Mamon's license was suspended and to retrieve his portable Breathalyzer. He confirmed that Mamon's license was suspended, but before he could return to the Jeep, Mamon got out and walked away along the highway.

Wilson activated his car's public address system and ordered Mamon to return to his Jeep. Mamon ignored Wilson three times, so Wilson parked his squad car in front of him and again ordered him to return to the Jeep. Mamon walked back to the Jeep only after Wilson threatened to arrest him for resisting law enforcement.

Wilson moved his car back to the Jeep and parked behind it. Mamon reentered the Jeep and drove away at a high rate of speed. Wilson followed, with his lights and siren activated. Mamon sped through the construction zone, traveling up to eighty miles an hour while changing lanes without signaling and "running people off the road." Tr. p. 155. Wilson ended the chase after a mile and a half because it was too dangerous for the traffic conditions. Other officers later arrested Mamon.

The State charged Mamon with class D felony resisting law enforcement, class A misdemeanor criminal recklessness, class B misdemeanor reckless driving, and being a habitual offender.

*Mamon v. State*, 6 N.E.3d 488, 489-90 (Ind. Ct. App. 2014).

[4] The trial court appointed a public defender, who first appeared on behalf of Mamon on June 14, 2012. Subsequently, Mamon expressed his desire to represent himself, and the trial court held a hearing on the matter on November 1, 2012. At the conclusion of the hearing, the trial court granted Mamon's request to represent himself, and the court instructed the public defender to serve as standby counsel. The trial court specified that standby counsel could assist Mamon only with leave of the court and that Mamon could request the assistance of standby counsel at any time.

[5] A jury trial was held on December 17, 2012, at which Mamon represented himself. Mamon was found guilty as charged, and he subsequently admitted to being a habitual offender. Thereafter, Mamon—with the assistance of appellate counsel—pursued a direct appeal, in which he acknowledged that he had not objected to the admission of evidence procured as a result of the traffic stop. *Id.* at 489-90. This Court reviewed for fundamental error, and ultimately affirmed Mamon's convictions because Mamon had not made a "claim of evidence fabrication or willful malfeasance on the part of law enforcement." *Id.*

[6] On January 7, 2015, Mamon filed a *pro se* petition for post-conviction relief, which he later amended. Following a hearing on Mamon's amended petition, the post-conviction court entered an order denying post-conviction relief.

[7] Mamon now appeals.

# Discussion and Decision

[8] The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Ellis v. State*, 67 N.E.3d 643, 646 (Ind. 2017). To prevail, the petitioner must show "that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Humphrey v. State*, 73 N.E.3d 677, 681 (Ind. 2017). Here, the post-conviction court made findings of fact and conclusions of law in accordance with Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error"—that which leaves us with a definite and firm conviction that a mistake has been made. *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000).

[9] The Sixth Amendment to the United States Constitution guarantees two conflicting rights: the right to counsel and the right to self-representation. *See Faretta v. California*, 422 U.S. 806, 832-34 (1975). "The policy supporting the right of self-representation is personal autonomy," *Carter v. State*, 512 N.E.2d 158, 162 (Ind. 1987), a purpose that stands in contrast to that of the right to counsel, which "is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights." *Id.* A petitioner is entitled to post-conviction relief if he can demonstrate that he received ineffective assistance of counsel, that is, he must demonstrate that counsel's deficient

performance was prejudicial. *See, e.g.*, *Humphrey v. State*, 73 N.E.3d at 682. However, "[a] defendant who proceeds *pro se* . . . must accept the burdens and hazards of self-representation. He may not assert a Sixth Amendment claim of ineffective assistance of counsel because he, in effect, would be alleging himself ineffective." *Carter*, 512 N.E.2d at 162 (citations omitted).

[10]     Mamon alleges that he received ineffective assistance of counsel because his pre-trial counsel failed to file a motion to suppress the evidentiary fruits of the traffic stop. In so arguing, Mamon points out that the omnibus date had passed before he began representing himself, and he asserts that passage of the omnibus date rendered "the issues . . . closed for jury trial." Appellant's Br. at 8. Mamon further contends that the trial court was "not timely noticed on the matter," and that the filing of a pre-trial motion to suppress "would have obviated any need for a trial." *Id.*

[11]     Yet, Mamon has not demonstrated that the performance of his pre-trial counsel prevented him from challenging the stop, either before the trial or after the trial commenced. Indeed, Mamon began representing himself more than a month before trial, and he did not file or seek to file a pre-trial motion to suppress; Mamon merely speculates that the trial court would have refused to consider his pre-trial motion after the omnibus date. Moreover, at trial, Mamon failed to object to the admission of the evidence he now complains of, missing a plain opportunity to challenge the constitutionality of the stop. Thus, even if we assume for the sake of argument that the stop was unconstitutional, Mamon— through his own inaction—is responsible for any error for which he now claims

entitlement to relief. *See Faretta*, 422 U.S. at 834 n.46 ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"); *Carter*, 512 N.E.2d at 162; *cf. Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005) ("[A] party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct.").

[12] Furthermore, although Mamon asserts that he would not have elected to represent himself "[b]ut for pre-trial counsel's pre-trial errors," Reply Br. at 4, Mamon stated that he wished to represent himself because he knew the "type of defense that [he] want[ed] presented." Exh. DD. Thus, Mamon sought autonomy, and the exercise of the Sixth Amendment right to self-representation does not amount to cognizable prejudice. *See Faretta*, 422 U.S. at 834 (stating that "although [a defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law" (internal quotation marks omitted)). Ultimately, a party representing himself "is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). Here, on more than one occasion, the court warned Mamon of the risks of proceeding *pro se*, and Mamon insisted on exercising his right to do so. Because Mamon has not demonstrated that pre-trial counsel's performance precluded him from taking any action to challenge the admission of evidence, the post-conviction court did not clearly err in denying Mamon's petition in this respect.

[13] Affirmed.

Kirsch, J., and Pyle, J., concur.