## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 21 2018, 10:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul J. Podlejski
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Glendon B. Sturgill, Jr., *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | November 21, 2018 <br><br> Court of Appeals Case No. 18A-CR-602 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Angela Warner Sims, Judge <br><br> Trial Court Cause Nos. 48C01-1708-F4-1952 48C01-1604-F5-776 |

**Robb, Judge.**

# Case Summary and Issue

[1]     Following a jury trial, Glendon Sturgill, Jr., was convicted of dealing in methamphetamine, a Level 4 felony, and sentenced to eight years in the Indiana Department of Correction with three years suspended to probation. Sturgill appeals his conviction, raising one issue for our review: whether the trial court committed fundamental error in admitting evidence Sturgill claims was obtained in violation of the Fourth Amendment to the United States Constitution and Article 1, section 11 of the Indiana Constitution. Concluding Sturgill has not demonstrated fundamental error, we affirm.

# Facts and Procedural History

[2]     Over a period of several weeks in 2016, Detective LeeAnn Dwiggins of the Madison County Drug Task Force received multiple reports that methamphetamine was being cooked at a particular residence in Madison County. Detective Dwiggins identified Sturgill and his girlfriend, Melissa Bowman, as the occupants of the residence and determined they each had made multiple purchases of pseudoephedrine and had been blocked from making further purchases on several other occasions.[1]

---

[1] Although there was no specific time frame given for the purchases, Officer Dwiggins testified that Sturgill had made seventy-one purchases of pseudoephedrine and had been blocked from purchasing pseudoephedrine on an additional eighteen occasions. Bowman had made eighty-six purchases and had been blocked on fifteen occasions.

On April 13, 2016, Detective Dwiggins, who had been monitoring the logs of pseudoephedrine purchases, noticed Bowman had made a purchase of pseudoephedrine that day. Around 9:00 p.m., Detective Dwiggins, accompanied by three other officers, went to the residence. As Officer Dwiggins walked around the house trying to get to an unobstructed door to knock and talk with the occupants, she noticed a strong chemical odor she knew from her training and experience to be associated with the manufacture of methamphetamine. As she returned to the front of the house to tell the other officers what she had found, she encountered Sturgill in the driveway, immediately handcuffed him, and asked if anyone else was on the property. Sturgill said Bowman was in the detached garage and his daughter was inside the house. Officers entered the residence and the garage to evacuate the occupants. While in the garage, Detective Dwiggins observed methamphetamine actively cooking. Sturgill and Bowman were advised of their rights and gave their verbal and written consent to a search of the property. The search yielded items associated with the manufacture of methamphetamine.

[4] The State charged Sturgill with dealing in methamphetamine, a Level 5 felony, and attempted dealing in methamphetamine, a Level 4 felony.[2] Sturgill filed a motion to suppress evidence obtained as a result of the search of his property,

---

[2] Additional counts of possession of chemical reagents or precursors with intent to manufacture a controlled substance, maintaining a common nuisance, and possession of methamphetamine, all Level 6 felonies, were dismissed by the State prior to trial.

including physical evidence and statements he made to the officers during the search. The trial court denied the motion to suppress, finding the police had a legitimate reason to be on the property and the chemical odors they encountered once there created exigent circumstances supporting further action. At Sturgill's request, the trial court certified its order denying the motion to suppress but this court denied Sturgill's motion to accept jurisdiction over an interlocutory appeal. At Sturgill's jury trial, when the State offered various items of evidence from the search into evidence,[3] Sturgill affirmatively stated he had no objection to admission of the exhibits. The jury found Sturgill guilty on both counts. The trial court entered judgment of conviction only on the Level 4 felony attempted dealing in methamphetamine charge and sentenced Sturgill to eight years with three years suspended to probation. Sturgill now appeals.

# Discussion and Decision

## I. Standard of Review

Sturgill contends the trial court erred in admitting evidence seized during the search of his property and the statements derived therefrom because the search was conducted in violation of his state and federal constitutional rights. A trial court has broad discretion in ruling on the admission or exclusion of evidence. *Palilonis v. State*, 970 N.E.2d 713, 726 (Ind. Ct. App. 2012), *trans. denied*. An

---

[3] The exhibits included twenty-two photographs in and around the garage, a vial of methamphetamine oil, and lab results.

abuse of discretion occurs when the trial court's ruling is clearly against the logic, facts, and circumstances presented. *Id.* "A contemporaneous objection at the time the evidence is introduced at trial is required to preserve the issue for appeal, whether or not the appellant has filed a pretrial motion to suppress." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). The purpose of the contemporaneous objection rule is to allow the trial judge to consider the evidentiary issue in light of any "fresh developments and also to correct any errors." *Id.*

[6] Here, Sturgill acknowledges that, despite his pretrial motion to suppress, he did not object to the admission of the evidence or statements at trial. *See* Appellant's Brief at 9 (noting Sturgill's trial counsel "failed to raise an objection to the admission of the evidence . . . throughout the course of the trial"). In fact, not only did Sturgill fail to object to the trial court's admission of each piece of evidence he now attempts to challenge on appeal, he affirmatively stated that he had "no objection" to admission. *See* Transcript, Volume II at 214 (photographs of the property); Tr., Vol. III at 55 (items recovered from the property); 73 (lab report on vial of oil); and 75 (vial of methamphetamine oil). To avoid waiver of the issue, Sturgill contends the trial court committed fundamental error in allowing admission of the evidence. The fundamental error doctrine is an exception to the general rule that failure to object at trial constitutes procedural default precluding consideration of the issue on appeal. *Benson v. State*, 762 N.E.2d 748, 755 (Ind. 2002).

The fundamental error exception is extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. The error claimed must either make a fair trial impossible or constitute clearly blatant violations of basic and elementary principles of due process. This exception is available only in egregious circumstances.

*Brown*, 929 N.E.2d at 207 (citations and quotation marks omitted).

## II. Fundamental Error

Our supreme court has held that fundamental error is not available when the defendant affirmatively states he has no objection to proffered evidence because in such a case, the defendant has invited the error in its admission. *Halliburton v. State*, 1 N.E.3d 670, 678-79 (Ind. 2013) ("The appellant cannot on the one hand state at trial that he has no objection to the admission of evidence and thereafter in this Court claim such admission to be erroneous."). "A finding of fundamental error essentially means that the trial judge erred . . . by not acting when he or she should have, even without being spurred to action by a timely objection." *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014) (internal citation omitted); *see also Winston v. State*, 165 Ind.App. 369, 376, 332 N.E.2d 229, 233 (1975) (noting in cases in which fundamental error is found, "the error involved the mistake or misconduct of the trial judge in the exercise of his own affirmative duties"). Without a contemporaneous objection, a trial court has no cause to reconsider its earlier evidentiary ruling. *See, e.g., Brown*, 929 N.E.2d at 207. And upon the defendant's express declaration of "no objection," the trial

court has no obligation to interject itself on a defendant's behalf and determine for itself whether the introduction of a particular piece of evidence was in the defendant's best interests. *Halliburton*, 1 N.E.3d at 679; *see also Brewington*, 7 N.E.3d at 975 (noting that fundamental error and invited error are closely related and that "fundamental error gives us leeway to mitigate the consequences of counsel's oversights, but invited error precludes relief from counsel's strategic decisions gone awry"). Thus, Sturgill has not shown any error by the trial court in not acting when it had a duty to do so.

[8]     Moreover, in *Brown v. State*, our supreme court concluded that a claim of error premised on admitting evidence that was the product of an unconstitutional search and seizure, without more, does not assert fundamental error where there is "no claim of fabrication of evidence or willful malfeasance" on the part of the investigating officers or where there is no claim the "evidence is not what it appears to be." 929 N.E.2d at 207. Sturgill does not allege that evidence was fabricated or that the challenged evidence is not what it appears to be. He does assert that Dwiggins' conduct was willful malfeasance because she knew she did not have probable cause that Sturgill was engaged in any illegal activity when officers entered the property. *See* Appellant's Br. at 12-13.

[9]     "Malfeasance" is defined as:

> Evil doing; ill conduct. The commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful; the doing of an act which person ought not to do at all or the unjust performance of some act which the party had no right or which he had contracted not to do.

Black's Law Dictionary at 956 (9th ed. 2009). The trial court has already addressed Sturgill's claim that the evidence was unlawfully seized because officers should not have entered his property and determined during the motion to suppress proceedings that the officers had acted reasonably in entering the property and conducting the search. Sturgill's argument on appeal does not allege anything further that would rise to the level of malfeasance, willful or otherwise. Even if the officers had been mistaken in their assessment of the circumstances, this does not rise to the level of willful malfeasance. *See Mamon v. State*, 6 N.E.3d 488, 490 (Ind. Ct. App. 2014) (rejecting claim of fundamental error where defendant argued officer misunderstood the traffic law that formed the basis for a stop but did not dispute the truth of the officer's testimony or exhibits). In *Brown*, the court noted that admission of evidence as the result of an improper seizure is not per se fundamental error: "because improperly seized evidence is frequently highly relevant, its admission ordinarily does not cause us to question guilt." 929 N.E.2d at 207.

[10] For these reasons, Sturgill's claim does not allege fundamental error and we decline to review Sturgill's challenge to the admissibility of the evidence. *See id.* at 208 (explaining that it is not necessary to resolve the issue of whether a search was lawful where the defendant had failed to preserve the issue at trial and where there was no fundamental error).

# Conclusion

Because Sturgill affirmatively consented to the admission of the evidence he now challenges as improperly admitted and because his claim is premised on an admission of evidence from an allegedly unconstitutional search, without more, his claim is not reviewable for fundamental error, and his conviction is affirmed.

Affirmed.

Baker, J., and May, J., concur.