# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 18 2018, 10:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew M. Kubacki
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark Rhodes, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 18, 2018 <br><br> Court of Appeals Case No. <br> 49A05-1710-CR-2483 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Peggy Hart, Magistrate <br><br> Trial Court Cause No. <br> 49G10-1705-CM-17166 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Mark Rhodes was convicted of operating a vehicle with an alcohol concentration equivalent to at least 0.08 gram of alcohol, a Class C misdemeanor. Rhodes now appeals, raising a single issue for our review, which we restate as whether the trial court abused its discretion in admitting certain evidence. Concluding Rhodes failed to preserve the issue for appeal with a contemporaneous objection to the admission of evidence, we affirm his conviction.

# Facts and Procedural History

[2] On May 9, 2017, at approximately 7:00 PM, Indiana State Police Trooper Thomas Bennett conducted a traffic stop on a vehicle driven by Rhodes. Trooper Bennett observed Rhodes traveling eastbound at a rate of speed that appeared to be greater than the posted speed limit. Trooper Bennett confirmed with his radar gun that Rhodes was speeding. At the time he spotted Rhodes, Trooper Bennett was traveling westbound.

[3] During the course of the traffic stop, Trooper Bennett detected the odor of alcohol and observed that Rhodes' eyes were red and glassy. Trooper Bennett asked Rhodes if he had anything to drink that day, to which Rhodes replied he had one and one-half beers. Trooper Bennett then ordered Rhodes out of the vehicle and conducted two field sobriety tests. Rhodes failed both field sobriety tests.

[4] Trooper Bennett advised Rhodes of Indiana's implied consent law and transported Rhodes to the Marion County Jail to administer a chemical breath test. Rhodes' chemical breath test registered 0.097 gram of alcohol.

[5] The State charged Rhodes with operating a vehicle while intoxicated endangering a person, a Class A misdemeanor, and operating a vehicle with an alcohol concentration equivalent to at least 0.08 gram of alcohol, a Class C misdemeanor. During Trooper Bennett's testimony at trial, Rhodes moved to suppress all evidence and testimony obtained as a result of the stop and argued the stop was illegal based on the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. The trial court denied Rhodes' motion to suppress. Rhodes did not lodge a continuing objection or further object to Trooper Bennett's testimony concerning the results of the chemical breath test or the State's exhibit documenting the chemical breath test results.

[6] The jury found Rhodes guilty of operating a vehicle with an alcohol concentration equivalent to at least 0.08 gram of alcohol. Rhodes now appeals.

# Discussion and Decision

[7] Rhodes contends Trooper Bennett's traffic stop constituted an illegal stop under Article 1, Section 11 of the Indiana Constitution. Therefore, he alleges all evidence stemming from that stop must be suppressed. The State responds that

Rhodes waived any objection by failing to object to the evidence's admission at trial.

[8] Although Rhodes moved to suppress the evidence stemming from the traffic stop at the outset of Trooper Bennett's testimony at trial, the trial court denied this motion and Rhodes did not make any further objections to Trooper Bennett's testimony concerning the results of the chemical breath test or the State's exhibit documenting the chemical breath test results, which was greater than 0.08 gram of alcohol. *See* Transcript at 101-02. Our supreme court has determined when a motion to suppress has been overruled and the evidence is later offered at trial, an error remains unpreserved for appeal unless there is an objection at the time the evidence is offered for admission. *Brown v. State*, 929 N.E.2d 204, 206-07 (Ind. 2010); *Wagner v. State*, 474 N.E.2d 476, 484 (Ind. 1985).

[9] Therefore, we conclude Rhodes failed to preserve his constitutional challenge to the admissibility of evidence.[1]

---

[1] Rhodes does not contend the trial court committed fundamental error. *See Brown*, 929 N.E.2d at 207 (noting a claim forfeited for failure to object can be reviewed on appeal for fundamental error).

# Conclusion

Rhodes failed to lodge a contemporaneous objection at the time evidence was admitted at trial and has thus failed to preserve the error for appeal. Accordingly, we affirm his conviction.

Affirmed.

Najam, J., and Altice, J., concur.