## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 16 2020, 9:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Frederick Vaiana
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tamika Ballance,

*Appellant-Plaintiff,*

v.

State of Indiana,

*Appellee-Defendant.*

December 16, 2020

Court of Appeals Case No.
20A-CR-1312

Appeal from the Marion Superior Court

The Honorable Angela D. Davis, Judge

The Honorable H. Patrick Murphy, Magistrate

Trial Court Cause No.
49G16-2001-F6-1290

**Bradford, Chief Judge.**

# Case Summary

Tamika Ballance was involved in an altercation at the IndyGo bus terminal, during which she bit Diane Ford.  Though Ford was not present at trial, a security officer who observed the incident, testified as to the victim's identity and Ballance was convicted of Class B misdemeanor battery.  On appeal, Ballance claims that the in-court identification of the victim constituted a fundamental error and that there was insufficient evidence to sustain the conviction.  Because we disagree, we affirm.

# Facts and Procedural History

On January 10, 2020, Ballance and Ford were involved in an altercation at the IndyGo bus terminal (Tr. 4-5).  During that altercation, Ballance bit Ford on the wrist and attempted to pull a phone from Ford's hands.  Ballance was charged with Level 6 felony domestic battery and Class A misdemeanor theft (App. Vol. II, 31).  Ford was not present at Balance's trial which was held on June 22, 2020. Isiah Hagemeyer, a security officer who observed the altercation and Ballance bite Ford, was the only witness to testify (Tr. 3).  While testifying, Hagemeyer could not initially recall the name of the victim (Tr. 6).  The State entered a photo of the alleged victim, taken at the IndyGo bus terminal on the day of the incident, which Hagemeyer identified to be the victim (Tr. 6).  Hagemeyer testified that he would have written up a report about the incident and asked for the victim's name before writing the report (Tr. 7).  The State then introduced Ford's certified driver's record from the Bureau of Motor

Vehicles ("BMV"), which contained a photograph of Ford. (Tr. 7-8; State's Ex. 2). After reviewing Ford's driver's record, Hagemeyer identified Ford as the same woman Ballance bit and stated he recognized Ford's name as the name of the victim (Tr. 8). Ballance made no objections to Hagemeyer's identification or to the State's exhibits (Tr. 7-8). The trial court found that the State had failed to provide any evidence of a domestic relationship between Ballance and Ford or sufficient evidence of theft. However, the trial court found that the State had proven that Ballance had committed the lesser-included offense of Class B misdemeanor battery (Tr. 14-16).

## Discussion and Decision

### I. Fundamental Error

[3] "The decision to admit or exclude evidence at trial is squarely within a trial court's discretion and should be afforded great deference on appeal." *Carpenter v. State*, 786 N.E.2d 696, 702 (Ind. 2003). We will only "disturb [a trial court's] rulings only where it is shown that the court abused its discretion." *Camm v. State*, 908 N.E.2d 215, 225 (Ind. 2009). "A claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error has occurred." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). "The 'fundamental error' exception is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or potential harm is substantial, and the resulting error denies the defendant fundamental due process."

*Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006) (quoting *Boesch v. State*, 778 N.E.2d 1276, 1279 (Ind. 2002)). The error may also be fundamental when it "make[s] a fair trial impossible." *Brown*, 929 N.E.2d at 207 (quoting *Clark v. State*, 915 N.E.2d 126, 131 (Ind. 2009) (internal quotations omitted).

[4] No fundamental error occurred during Ballance's trial. "[A] degree of suggestiveness is inherent in all in court identifications;" however, "[w]hether a particular identification procedure rises to a level of suggestiveness that constitutes reversible error must be determined from the context of the case." *Emerson v. State*, 724 N.E.2d 605, 609 (Ind. 2000). There is no fundamental error simply because Hagemeyer could not initially recall the victim's name or because the evidence introduced to identify the victim was supplied by the prosecutor. Ballance also argues that this method of in-court identification is too suggestive, due in part to the limited amount of exhibits upon which the prosecution relied in making their case. We disagree. Despite Ford not being present at trial, Hagemeyer was able to use a photo of the victim taken at the IndyGo bus station on the day of the altercation, Ford's certified driver's record from the BMV, and identify that Ford was the victim he saw Ballance bite. Hagemeyer's identification of Ford was proper, and did not constitute error, let alone a fundamental error.

## II. Sufficiency of the Evidence

[5] "When reviewing the sufficiency of the evidence to support a conviction, 'appellate courts must consider only the probative evidence and the reasonable

inferences *supporting* the verdict.'" *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007) (quoting *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)) (emphasis in original). A conviction will be affirmed unless, after considering all the evidence and reasonable inferences favorable to the judgement, we conclude that no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *See Abney v. State*, 858 N.E.2d 226, 228 (Ind. Ct. App. 2006). Further, "[a] verdict will be sustained based on circumstantial evidence alone if the circumstantial evidence supports a reasonable inference of guilt." *Maul v. State*, 731 N.E.2d 438, 439 (Ind. 2000). This standard of review does not permit us to reweigh the evidence or allow us to judge the credibility of the witnesses. *McCallister v. State*, 91 N.E.3d 554, 558 (Ind. 2018).

[6]     The trial court found that the State's evidence was insufficient to convict Balance of either theft or domestic battery. However, the trial court did find sufficient evidence supported Ballance's conviction for Class B misdemeanor battery.[1] Indiana Code section 35-42-2-1 states "a person who knowingly or intentionally: touches another person in a rude, insolent, or angry manner[,]" commits battery. Hagemeyer testified that he observed Ballance bite Ford – identifying both during his testimony. "Testimony of a single eyewitness is sufficient to sustain a conviction." *Hubbard v. State*, 719 N.E.2d 1219, 1219 (Ind. 1999). We view Ballance's argument that Hagemeyer's testimony alone is

---

[1] *See Jones v. State,* 976 N.E.2d 1271, 1276–1277 (Ind. Ct. App. 2012) (stating that battery is a lesser included offense of domestic battery).

insufficient as an invitation to reweigh the evidence, which we will not do. *See*

*McCallister*, 91 N.E.3d at 558.

[7] The judgment of the trial court is affirmed.

Kirsch, J., and Mathias, J., concur.